HENRY COLT & others, executors, *vs.* EDWARD LEARNED & another.

Berkshire. Sept. 12. — Oct. 2, 1882. ENDICOTT, LORD & FIELD, JJ., absent.

If two parties to a written contract, whose liability is several, are joined as defendants in one action thereon, under the Gen. Sts. c. 129, § 4, and one of them dies, his executor may be summoned in to defend the action as against him.

CONTRACT in two counts, under the Gen. Sts. *c.* 129, § 4, by the executors of William Pollock against Edward Learned and Theodore Pomeroy. The first count of the declaration was as follows:

" And the plaintiffs say that they are the executors of the last will of William Pollock, late of Pittsfield, in said county, deceased, and that in his lifetime the said Pollock loaned to the Niwat Mining Company, upon the twenty-fifth day of July, A. D. 1865, fifteen thousand dollars, to be repaid to said Pollock in three months from that date, and in consideration that said Pollock would make said loan, the said Learned and said Pomeroy and Pollock, at the time said loan was made, severally executed a contract in writing, a copy whereof is hereto annexed. And the plaintiffs say that upon the sixteenth day of December, A. D. 1865, the sum of five hundred and twenty-five dollars was paid upon said loan, and that the balance of said loan remains unpaid and is still due, with interest, notwithstanding the time for the payment of said loan has long since elapsed.

" And the plaintiffs say that, by virtue of said written contract, the said Learned assumed and guaranteed to said Pollock the payment of one third part of said loan, with interest, if

not paid by the said Niwat Mining Company at the time when
payable as aforesaid; and the plaintiffs say that no part of said
loan has been paid by said company, or other person, except
as aforesaid, and that the said Learned owes the plaintiffs in
their said capacity one third part of the aforesaid balance, with
interest."

The second count declared against Pomeroy in the same terms
as the first count.

The copy annexed was as follows: " Pittsfield, July 25th,
1865. William Pollock having this day loaned the Niwat
Mining Company fifteen thousand dollars, payable three months
from this date, we, for value received, hereby jointly and sever-
ally guarantee the repayment of said loan and interest at the
time the same shall be payable as aforesaid. Edward Learned,
Theo. Pomeroy, Wm. Pollock."

The defendant Pomeroy died on September 26, 1881, and his
death was suggested on the record; and his executors, who were
duly appointed on November 9, 1881, were summoned to appear
at the February term 1882 of the Superior Court, to answer to
and defend the action as against Pomeroy. They appeared
specially at said term, and filed an answer setting up " that they
ought not to be compelled to appear and take upon themselves
the defence of said suit, because the statute in such cases made
and provided requires that, upon the death of said Theodore
Pomeroy, said action shall proceed against the surviving defend-
ant, and does not provide that, in case one of the defendants
survives, the action may be prosecuted against the executors or
administrators of the deceased defendant, and the said executors
aver that said defendant Edward Learned still survives, and that
the court has no power, jurisdiction or authority to summon in
said executors to defend said action."

At the hearing upon this answer, *Blodgett*, J. ruled in ac-
cordance with the claims therein set up, and ordered the action
dismissed as against the executors of Pomeroy; and the plain-
tiffs alleged exceptions.

*M. Wilcox*, for the plaintiffs.

*T. P. Pingree & J. M. Barker*, for the defendants.

MORTON, C. J. It was decided in *Colt* v. *Learned*, 118 Mass.
380, that the written contract upon which this suit is brought

did not create a joint liability of the several signers, but that each was severally liable for $5000.

After that decision, the plaintiff brought this suit, under the Gen. Sts. *c.* 129, § 4, containing two counts, one against each defendant counting on his several contract. One of the defendants, Theodore Pomeroy, has died since the suit was commenced; and the question presented by this bill of exceptions is whether his executors can be summoned in to defend the action.

The statutes provide that " in personal actions, the cause of which survives, if there is only one plaintiff or defendant, and the sole plaintiff or defendant dies after the commencement of the action and at any time before final judgment, the action may proceed and be prosecuted by or against the surviving party and the executor or administrator of the deceased party; " and the executors or administrators may appear or be summoned in to prosecute or defend the action; but " when there are several plaintiffs or defendants in a personal action the cause of which survives, and any of them die before final judgment, the action shall proceed at the suit of the surviving plaintiff, or against the surviving defendant, as the case may be." Pub. Sts. *c.* 165, §§ 5–13. Gen. Sts. *c.* 127, §§ 5–12. Rev. Sts. *c.* 93, §§ 1–13.

This distinction arose out of the fact that at common law, in case of a joint contract, if one of the joint contractors died, an action at law could not be brought or prosecuted against his executor, and in case of a joint and several contract, the executor could not be sued jointly with the survivors because he is to be charged *de bonis testatoris* and they *de bonis propriis. New Haven & Northampton Co.* v. *Hayden,* 119 Mass. 361.

The purpose of the Legislature was to provide that, when a deceased person was the sole party to a cause of action, his executor or administrator might appear or be summoned in to prosecute or defend the suit.

In 1851, the Legislature enacted that persons severally liable upon contracts in writing may all, or any of them, be joined in the same action, the declaration to include only one count when the same contract was made by each, or several counts, describing the different contracts of the defendants, when the same contract was not made by all; and provided that the court should

take such order for the separate trial of the issues, as should be found most convenient, and should enter several judgments according to the several contracts of the defendants. St. 1851, c. 233, § 3. Gen. Sts. c. 129, § 4. Pub. Sts. c. 167, § 4.

The purpose of this statute was to establish a rule of pleading, which enables a plaintiff to join in the same suit persons severally liable upon the same written contract, who before its passage must have been sued in separate actions. It enables a plaintiff to consolidate several actions in one. It was not intended to change the rights of parties to contracts, or to affect the remedies against the representatives of deceased parties. As stated in *Fuller* v. *Morse*, 4 Gray, 294, it made no change in the legal rights of parties to contracts, except that it permitted them to be determined under one process, instead of compelling a party seeking redress to resort to several actions. *New Haven & Northampton Co.* v. *Hayden, ubi supra. Grocers' Bank* v. *Kingman*, 16 Gray, 473.

The plaintiff in this case had the right to sue the signers of the contract separately, or to join them in one process. By joining them, he could not defeat the right of the executors of one who might die to come in and defend, nor would he deprive himself of the right to summon them in.

The reasons for not permitting executors of a joint contractor to be made a party do not exist, as the court can take order for a separate trial, and can enter separate judgments in the same manner as if there were separate suits. We are of opinion, therefore, that, by the fair construction of the statutes, the plaintiff had the right to summon in the executors of Theodore Pomeroy to defend the action against their testator.

*Exceptions sustained.*