MICHAEL GARBER *vs.* WILLIAM HIRSH & another, administrators.

Suffolk.     November 16, 1916. — January 3, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Practice, Civil,* Parties, Appearance by administrator or executor, Waiver of right to defend. *Executor and Administrator. Death. Waiver.*

If the defendant in an action of tort for personal injuries dies and the administrator of his estate files in the action a paper stating the fact of the death and of the appointment of the administrator and praying that he "be permitted to defend said action," such a paper is in substance a general appearance of the administrator of the estate of the defendant.

Under R. L. c. 171, § 5, providing in substance that, when a sole defendant in an action which survives dies, the administrator of his estate or the executor of his will may appear, or, if he does not, he may be summoned to appear and defend, if an administrator of the estate of a deceased defendant appears generally, he cannot thereafter waive such appearance.

Where, after the filing by an administrator of the estate of the defendant in an action of tort for personal injuries of a document containing statements as to the death of the defendant and the appointment of the administrator and a prayer that the administrator "be permitted to defend said action," the administrator files another paper entitled "Waiver of Motion," stating that he

thereby waives "said motion in so far as it relates to a prayer of permitting" him "to defend said action," leaving the document merely a suggestion of death, and this "waiver of motion" is "allowed by the court *ex parte,*" the administrator remains bound by the obligation resulting from his general appearance effected by the document first filed and therefore still is a party to the action, but he has relinquished his right to defend; and if the plaintiff moves that he be defaulted, such motion must be granted.

TORT, originally against one Louis Greenberg for personal injuries alleged to have been caused by snow and ice negligently permitted to accumulate upon a sidewalk adjoining premises owned by the defendant as trustee under an instrument in writing. Writ dated May 18, 1912.

An attachment of real estate was made upon the writ. The defendant appeared by an attorney and answered.

On January 14, 1913, the document described in the opinion was filed.

On April 12, 1915, the following motion, entitled "Waiver of Motion," signed by William Hirsh and Bertha G. Hirsche, was filed and was "allowed by the court *ex parte:*"

"And now comes William Hirsh and Bertha Hirsche, administrators of the defendant's estate, who have heretofore filed a suggestion of death and praying to be permitted to defend said action, hereby waive said motion in so far as it relates to a prayer of permitting them to defend said action so that said suggestion of death read as follows:

"'Now comes William Hirsh and Bertha G. Hirsche and say that on October 23rd last passed the defendant, Louis Greenberg, died,'

and that all other matters set forth in said suggestion of death heretofore filed are waived hereby."

On April 6, 1916, the plaintiff moved to default the administrators "for the reason that they have voluntarily withdrawn their appearance and do not now appear to defend said action." This motion was heard by *Wait,* J., and was denied, the judge "being of opinion that the effect of the order of April 12, 1915, and the suggestion of death made January 14, 1913, left the case without any party against whom a default could be taken." The plaintiff alleged exceptions.

The case was submitted on a brief by the plaintiff.

*A. Goldberg & E. J. Coughlin,* for the plaintiff.

RUGG, C. J. This is an action of tort for personal injuries. The defendant appeared and filed an answer. Thereafter, on January 14, 1913, the following was filed in court without objection: "Now comes William Hirsh and Bertha G. Hirsche and say that on October 23rd, last past, the defendant, Louis Greenberg, died, and that they were duly appointed administrators of the estate of the defendant, and pray that they be permitted to defend said action." This was in substance a general appearance by the administrators of the estate of the defendant. R. L. c. 171, § 5. There was no occasion in view of that appearance for the plaintiff to make a motion under the latter part of said § 5 to require the court to cite the administrators to appear and defend the action, because they already were in court and the estate was represented. The purpose of that section is that, when a sole defendant to a cause of action dies, his administrator or executor may appear, or, if he does not, he may be summoned. *Colt* v. *Learned*, 133 Mass. 409, 411.

But both a voluntary appearance and a summons are not required. Either is enough. After the administrators were once in court as representatives of the estate, they might waive their privileges, but they could not evade their obligations founded on their appearance. Their so called "waiver of motion," whereby they undertook to "waive" everything in the paper first filed except the suggestion of death of the defendant, did not wipe out the effect of their appearance. Even though allowed by the court *ex parte*, it was not equivalent to an effacement of the general appearance. That still remained with all the obligations and liabilities flowing therefrom. So far as concerns this case, the administrators of the deceased defendant had the option of giving up their right to a defence. The "waiver of motion" was by its express terms an abnegation of that right and a relinquishment of all other matters set forth in the paper previously filed. But it did not deprive the plaintiff of the advantage of their having appeared generally. A party cannot waive to the harm of his adversary the effect of his general appearance once entered in court. It would be gross injustice to permit administrators of the estate of a deceased defendant to appear in court voluntarily and then, after the expiration of the short statute of limitations, when a plaintiff would be powerless to cite them in to defend the case, to allow them to escape all responsibility.

The plaintiff's motion to default the defendants because of their withdrawal ought to have been granted. Its denial was error.

.*Order denying motion for default reversed.*