Rose Dunn, administratrix, *vs.* David Lerman & others.

Suffolk.   March 27, 1922. — June 19, 1922.

Present: Rugg, C.J., Braley, De Courcy, Crosby, & Jenney, JJ.

*Bond,* To dissolve attachment.   *Death.   Executor and Administrator.   Contract,* Validity.

The administratrix of the plaintiff in an action at law in which judgment has been entered and is unsatisfied may maintain an action of contract against the sureties upon a bond, which was given to dissolve an attachment thereon at a time, after the action was begun, when the original plaintiff had died, if the obligee named in the bond was the original plaintiff "or his executors, administrators or assigns."

*It seems,* that, if the obligee named in the bond above described had been the original plaintiff "and his executors, administrators and assigns," the bond would have been invalid.

Delay in pursuing an action at law to final judgment until the defendant had become insolvent is no defence to an action against sureties upon a bond given to dissolve an attachment therein, if it does not also appear that the delay was due to any agreement not to prosecute the principal, nor that the sureties had requested the plaintiff to proceed against him.

CONTRACT by the administratrix of the estate of John Dunn upon a bond given to dissolve an attachment in an action by John Dunn against Isadore Wintman, the defendants being the sureties upon the bond.   Writ dated March 17, 1921.

In the Superior Court, the action was heard by *Fox,* J., without a jury, upon documentary evidence and an agreed statement of facts.   Material evidence and an offer of proof, excluded by the judge, are described in the opinion.   The judge refused to rule that on all the evidence the plaintiff was not entitled to recover and found for the plaintiff in the penal sum of the bond, execution to issue for $2,129.88; and the defendants alleged exceptions.

*S. B. Stein,* for the defendants Lerman and Bernstein.

*M. Caro,* for the defendant Bloomberg.

*P. A. Hendrick,* (*E. P. Shaw, 3d,* with him,) for the plaintiff.

CROSBY, J.   The defendants are sued as sureties upon a bond to dissolve an attachment.   By writ dated November 14, 1917, John Dunn brought an action for personal injuries against one Wintman, and an attachment was made thereon; the writ was

returnable to the Superior Court for the County of Suffolk on the first Monday of December, 1917. While it is recited in the exceptions that Dunn died in April, 1919, it appears from the agreed statement of facts that he died on September 4, 1918, and a suggestion of his death was made by the administratrix of his estate on October 27, 1919.

The instrument sued on is dated June 16, 1920, and was filed in the clerk's office two days later. It was given to dissolve the attachment made in the action above referred to. It is executed by Wintman as principal and by the defendants as sureties; the obligee named therein is "John Dunn or his executors, administrators, or assigns."

The question is, whether the sureties can be held on the bond in an action brought by the administratrix of Dunn's estate. The sureties had no knowledge of his death at the time the bond was executed. A bond, naming as obligee a person not in existence, is void *ab initio,* and therefore can have no binding force. An action brought upon a bond implies that it was a cause of action which existed in the deceased in his lifetime and upon his death passed to his representative. If the bond had run to Dunn and his executors, administrators and assigns, it is plain that it would have been invalid, but as he "or his executors, administrators, or assigns" are described as the obligees it is in the alternative; and as he has deceased, an action can be maintained for its breach by his administratrix. It is not to be assumed that the sureties intended to give an obligation which would be a mere nullity.

It was held in *Ready* v. *Kearsley,* 14 Mich. 215, that a deed to a person or to his heirs is in the alternative, and that if he is dead, the title vests in his heirs or devisees. In *Hogan* v. *Page,* 2 Wall. 605, it was held that a patent certificate issued by the United States Government Land Office to an original grantee or to his legal representatives, "embraces representatives of the original grantee in the land, by contract, such as assignees or grantees, as well as by operation of law."

The offer of proof made by the defendants, that there was delay in the trial and disposal of the original action and that the principal on the bond had become insolvent, was rightly excluded. There is nothing in the offer to show that the delay in pursuing the action

to final judgment was due to any agreement not to prosecute the
principal, nor that the sureties requested the plaintiff to proceed
against him.    It is well settled that mere delay in proceeding
against the principal will not discharge the responsibility of the
sureties.    *Hunt* v. *Bridgham,* 2 Pick. 581, 584, 585.    *Horne* v.
*Bodwell,* 5 Gray, 457.    *Lewis* v. *Blume,* 226 Mass. 505, 508.

As the exception to the rejection of the offer of proof cannot
be sustained and as it could not properly have been ruled that
the plaintiff could not recover, the entry must be

*Exceptions overruled.*