FINANCE CORPORATION OF NEW ENGLAND *vs.* CHARLES H. PARKER, executor, & another.

Suffolk.   November 21, 1924. — February 25, 1925.

Present: BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Practice, Civil,* Parties, Appearance, Motion to dismiss, Waiver of defence, Appeal. *Death. Executor and Administrator. Limitations, Statute of. Bills and Notes,* Consideration, Accommodation indorser.

In an action begun in February, 1922, against two defendants, a suggestion of the death in November, 1922, of one of the defendants was filed in February, 1924, and by order of the court, on motion by the plaintiff, the executor of the will of that defendant was summoned to appear and defend. Ten days after the return day of the notice, a general appearance was entered in behalf of the executor. Four days later, a second attorney filed a special appearance and both attorneys filed a motion to dismiss the action as to the executor and a plea in abatement to the process on the ground that the executor had been appointed and had given bond and statutory notice more than one year before he was summoned to appear. The plea was sustained and the motion was allowed. The plaintiff alleged exceptions and filed a single appeal covering the action on both the motion and the plea. *Held,* that
   (1) Since St. 1917, c. 101, and Rule 7 of the Superior Court (1923), the general appearance filed before the passing of twenty days from the return day of the process was without significance and the executor had not thereby waived any right to rely on the plea in abatement;
   (2) The executor had no right to waive the provisions of G. L. c. 197, § 9; c. 228, § 5;
   (3) The order sustaining the plea was proper;
   (4) The motion to dismiss should have been denied since it must rely only upon matters apparent on the record, and the record did not disclose the date of the appointment and qualification of the executor;
   (5) Since the subject matter of the motion to dismiss was adjudicated rightly on the plea in abatement, the single appeal from the court's ruling on both the motion and the plea should not be sustained;
   (6) The exceptions must be overruled.

Exception to a single sentence in a charge to a jury will not be sustained where from the context it appears that the words could not mislead the jury.

The payee of an unsecured negotiable promissory note, indorsed by nine persons before delivery and for accommodation, brought an action against the sixth and the eighth indorsers only and made an attachment of real estate of the sixth.   The sixth indorser then died and the executor of his will was not summoned into court until more than one year after he had given bond and notice of his appointment, so that the action, by order of the court, was dismissed as to him.   No payment on the note had been made by any one.   At the trial of the action against the remaining defendant, he contended that the plaintiff, by failure to have the executor summoned seasonably, had lost the power to pursue the real estate of that defendant and thus had released security to which the remaining defendant was entitled and had discharged him.   *Held,* that

(1)  When the action could no longer be prosecuted against the sixth indorser by reason of his death, the plaintiff was not bound by any duty to the remaining defendant to go on with the action against his estate;

(2)  The loss of the attachment upon the real estate of the deceased defendant was not the negligent loss of any security which the remaining defendant was then entitled to have preserved for his benefit by the plaintiff.

CONTRACT, originally against Mary A. Parker and A. D. Sherman upon a promissory note for $25,000, dated October 25, 1919, payable to the plaintiff, signed by Suffield-Berlin Trap Rock Company, and indorsed "Waiving demand and notice" by nine persons, of whom the defendant Mary A. Parker was the sixth and the defendant Sherman was the eighth.   Writ dated February 6, 1922.

Proceedings following the death of the defendant Mary A. Parker are described in the opinion.   The motion for process against the executor of her will was allowed by *Cox,* J.   The motion to dismiss the action as to that executor was allowed by *Morton,* J., who also sustained the executor's plea in abatement.

The action was tried against the defendant Sherman before *Dubuque,* J.   Material facts at the hearings and evidence at the trial are described in the opinion.   There was a verdict for the plaintiff against the defendant Sherman in the sum of $30,241.50.

The plaintiff alleged exceptions to the rulings upon the motion to dismiss and the plea in abatement, and filed a

single appeal "from the rulings and order . . . in sustaining the plea in abatement of defendant Charles H. Parker and in allowing the said defendant's motion to dismiss citation issued to him."

The defendant Sherman alleged the exceptions described in the opinion to rulings at the trial of the action against him.

G. S. Ryan, for the plaintiff.

C. F. Eldredge, for the defendant Parker, executor.

A. S. Kneil, for the defendant Sherman, submitted a brief.

WAIT, J.   This is an action upon a promissory note, brought by the payee against two of nine indorsers, all of whom signed the note before delivery for the accommodation of the maker.   The name of the defendant Mrs. Parker preceded that of Sherman upon the note.   No security for the payment other than the indorsements was received by the payee.   On February 6, 1922, the plaintiff brought an action against Mrs. Parker and Sherman and, on the writ, attached real estate of considerable value belonging to Mrs. Parker.   The defendants duly appeared and made answer.   Mrs. Parker died November 27, 1922; and on February 11, 1924, the attorney who had appeared and answered for her in March of 1922, filed a suggestion of her death and of the appointment on January 11, 1923, of Charles H. Parker as her executor.   The next day the plaintiff filed a motion which recited the death and appointment, and which prayed order to compel the executor to appear and defend.   The motion did not set out any dates on which the executor gave bond and filed notice of his qualification.   The court on the same day, February 12, 1924, ordered notice to issue returnable March 3, 1924. The executor had given bond on January 11, 1923, and on the twenty-fourth and twenty-ninth of that month had given notice of his appointment and had filed affidavit of notice, all more than one year before the issue of the order of notice or citation to appear and defend.   On March 13, 1924, the attorney who had filed the suggestion of death, filed an appearance for Charles H. Parker, executor.   On March 17, another attorney filed a special appearance for the executor, and both attorneys joined in filing a motion by the executor

to dismiss the citation to appear and defend on the ground that, more than a year having elapsed after the giving bond by the executor and before the issue of the citation, the issue was improper and beyond the jurisdiction of the court.    At the same time they filed a plea in abatement which set out the same facts in regard to the death of Mrs. Parker, and the appointment, qualification, giving of bond, etc., of the executor; alleged that the summons or citation was granted more than a year after his qualification and prayed that citation and summons be vacated and the executor be hence discharged with costs.

Both motion to dismiss and plea in abatement recited that the executor appeared specially.

The executor also on March 19, 1924, by both attorneys, filed an answer which disclosed that he did not waive but insisted upon his motion to dismiss and plea in abatement, and which pleaded the same facts in defence, together with the short statute of limitations, G. L. c. 197, § 9, and G. L. c. 228, §§ 4–7, and other matters to the merits.

The motion to dismiss and the plea in abatement were heard together on March 24, 1924, evidence being introduced: and the judge after consideration, on March 25, sustained the plea in abatement.    He also indorsed "Allowed" on the motion to dismiss.    The plaintiff appealed from these rulings and orders, and excepted thereto as well.    He contends that the defences set up in the plea and the motion to dismiss are waived by the general appearance filed March 13, and are no longer open.

There would have been more force in this contention before the enactment of St. 1917, c. 101.

The occasion for the entry of an appearance in an action at law in the Superior Court, apart and distinct from a pleading in the action, arose from the statutory requirement that a default should be entered by the clerk against any defendant who did not, within a specified number of days after the return day named in the precept summoning him into court, appear in answer to the precept.    This period for many years was ten days.    St. 1852, c. 312, § 10; St. 1870, c. 68;    Pub. Sts. c. 167, § 47; R. L. c. 173, § 54.    The rules

of the court made no provision fixing the time of appearance for a defendant, at law, but they did require that demurrers, pleas in abatement and motions to dismiss should be filed within the time allowed for appearance, and they allowed a longer time for filing answers to the merits.   Consequently, a party who wished to delay answering until the end of the full time allowed by the rules, in order to avoid being defaulted before the time for answer had expired, was compelled to enter an appearance within the time fixed by the statute. This appearance, unless limited to some special grounds of objection thereto, subjected his person to the jurisdiction of the court, and waived all defects in the process by which he was summoned or in its service, if the court had jurisdiction over the subject matter of the litigation.   *Brown* v. *Webber*, 6 Cush. 560.   *Gahm* v. *Wallace*, 206 Mass. 39.   *Cheshire National Bank* v. *Jaynes*, 224 Mass. 14.   *Gray* v. *Thrasher*, 104 Mass. 373.

The occasion for such separate appearance in the Superior Court, however, disappeared with the adoption of the Rules of November 6, 1915, which fixed the time for demurrers, pleas in abatement and motions to dismiss at the same time fixed for answers to the merits, and the passage of St. 1917, which fixed the same date for a default if no appearance had been entered.   The pleading became the appearance, as stated in Rule 7, (1923) of the Superior Court.   No other was needed.   This appearance was general or special as the pleading indicated, but was to be taken as general unless otherwise specified.   The separate appearance of March 13 was, therefore, unnecessary; and, as it was filed before the time allowed by the rules for filing motions to dismiss and pleas in abatement had expired, and as nothing appears to indicate that the plaintiff did, or failed to do, anything to his prejudice in reliance on that appearance, it should not be given effect to defeat them.

It is not to be assumed that the executor intended by a general appearance to waive the defence of the special statutes of limitations which require actions to be brought within a year after his qualification, G. L. c. 197, § 9, and forbid the issue of a citation after expiration of that year,

G. L. c. 228, § 5.    An executor has no right to waive these statutes.    It is his duty to insist upon them.    *Stebbins* v. *Scott,* 172 Mass. 356, 362, and cases cited.    *Bartlett* v. *Tufts,* 241 Mass. 96.    *Beal* v. *Lynch,* 242 Mass. 65.

Upon the death of Mrs. Parker, the action as against her abated; but the plaintiff by taking proper steps at the proper time could revive it and summon the executor to defend in this action.    G. L. c. 231, § 4.    G. L. c. 228, §§ 4, 5, 7.    *Colt* v. *Leonard,* 133 Mass. 409.    When a party dies pending the action, G. L. c. 228, § 4, enacts that a suggestion of the death shall be made, and, unless the executor appears voluntarily, a citation may be taken out to compel him to appear.    Section 5, however, provides that "it shall not issue after the expiration of one year from the time such executor . . . has given bond, if he has given the notice of his appointment as required by law."    This section clearly is applicable here.    The executor did not appear voluntarily within the year, thus distinguishing this case from *Garber* v. *Hirsh,* 225 Mass. 422.    The proper steps were not taken by the plaintiff. The citation was issued improvidently and in violation of the statute.

The judge was clearly right in sustaining the plea in abatement.

Technically the motion to dismiss raises only matter apparent on the record.    *Crosby* v. *Harrison,* 116 Mass. 114. The record did not disclose the dates which established that the citation was issued more than one year after the giving of the bond.    In strict law the motion, treated as a motion to dismiss, should have been denied.    The judge, however, seems to have treated it as a motion ancillary to the plea in abatement and designed to vacate the improvident order which allowed the citation to issue.    No real benefit to the plaintiff can result from sustaining the appeal on the motion to dismiss when he fails on the plea in abatement.    The citation should be vacated.    Without approving the course pursued by the trial judge, we, nevertheless, do not feel required to sustain the appeal.    The plaintiff's exceptions are overruled and its appeal is dismissed.

After the action as against Mrs. Parker and her estate

had been abated, the plaintiff went on to trial against defendant Sherman. The case is, also, before us upon exceptions claimed by that defendant at the trial. At the close of the evidence the defendant presented eight requests for instructions, and claimed exceptions to the refusal to give them. He also excepted to a portion of the charge.

The substance of the first four requests, so far as they stated sound law, was given in the charge to the jury.

There was no error in the portion of the charge excepted to: "if you give any value at all it is value." The words in their context could not mislead. They were used by the judge to aid in explaining that anything of value constitutes the value which is required for a consideration by G. L. c. 107, § 48: "Value is any consideration sufficient to support a simple contract."

The requests five to eight inclusive, sought in varied language the instruction, in substance, that if, by its failure to take proper steps, the plaintiff had lost the power to secure a judgment against the other original defendant, Mrs. Parker, or her estate, this constituted a release of security to which the defendant Sherman, as a surety with Mrs. Parker, was entitled, and thereby discharged Sherman.

The refusal was right. The plaintiff was at liberty to sue in one action all or any of the indorsers to compel payment of the note. G. L. c. 231, § 4. There was no security held by the plaintiff which it was bound to apply before seeking payment from any indorser. The only duty which the plaintiff as payee owed to any indorser, before payment by that indorser, was that it should not defeat or affect injuriously the rights of the indorser against the maker and prior indorsers. The plaintiff, if it began action against all or any of the parties primarily liable to it on the note, was not bound to pursue the action to judgment.

It could not release the maker or any prior indorser without thereby releasing subsequent parties, because by such a release it would defeat the right of such subsequent parties to have recourse to the prior party; but, so long as it did not impair the right of the subsequent party, it could, at any moment, cease to sue, or refuse to sue, any party. *Hunt*

v. *Bridgham,* 2 Pick. 581, 584. *Lewis* v. *Blume,* 226 Mass. 505, 508. *Dunn* v. *Lerman,* 241 Mass. 555, 557.

This right the defendant could have taken away from the plaintiff and have acquired for himself, by paying the note; and only by paying.

Sherman did not pay.

The plaintiff's right to sue Mrs. Parker, or to preserve its rights against her estate, was no concern of this defendant. When the action could no longer be prosecuted against her because of her death, the plaintiff was not bound by any duty to Sherman to go on with the action against her estate, any more than it was bound to begin action against her when the writ was brought.

The loss of the attachment of her real estate, G. L. c. 223, § 116, was not the negligent loss of any security which Sherman was then entitled to have preserved for his benefit by the plaintiff.

If this action against Mrs. Parker's estate has been barred by the short statute of limitations, it is *damnum absque injuria.*

These exceptions must be overruled; and as all questions of fact and law have been fully tried and are before us, pursuant to G. L. c. 231, § 124, judgment on the verdict is to be entered against the defendant Sherman.

*So ordered.*