EVERETT TRUST COMPANY *vs.* WALTHAM THEATRE AMUSEMENT COMPANY & others.

Suffolk.   April 2, 8, 1929. — May 31, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Limitations, Statute of,* Special. *Register of Probate,* Duties of assistant register. *Executor and Administrator. Probate Court,* Bond. *Equity Pleading and Practice,* Appearance.

One of the defendants in a suit in equity died while it was pending. His will was admitted to probate and the executor thereof gave bond and notice of his appointment. More than a year thereafter, without the plaintiff having cited in the executor to defend the suit, the executor filed an appearance and sought to have certain injunctions dissolved and the bill dismissed as against that defendant. *Held,* that

(1) Such appearance was not a voluntary appearance within the meaning of G. L. c. 228, § 4, nor did it preclude the executor from filing thereafter a plea based on noncompliance by the plaintiff with that statute:

(2) The executor had no power to waive the short statute of limitations provided for in § 5;

(3) The bill should be dismissed as against that defendant.

An assistant register of probate has authority under G. L. c. 217, § 27, to approve probate bonds even though the register is present and capable of acting; and a bond given by an executor is not insufficient merely by reason of the fact that it was approved by an assistant register while the register was thus present and capable of acting.

BILL IN EQUITY, filed in the Superior Court on April 12, 1926.

The bill and proceedings in the suit are described in the

opinion. The first motion by the executrix was heard by *Cox*, J. Her second "motion" was heard by *Lummus*, J., who ordered a decree dismissing the bill and reported his action thereon for determination by this court.

*S. Markell*, for the plaintiff.

*A. F. Flint*, for the defendants.

PIERCE, J. This suit in equity is reported to this court under the provisions of G. L. c. 214, § 30. The bill of complaint was brought against the Waltham Theatre Amusement Company and Stanley W. C. Downey, as maker and indorser respectively, of a certain promissory note, and the other defendants were joined under G. L. c. 214, § 3 (8), to reach and apply in payment of said note shares of stock owned by Downey in certain corporations organized under the law of this Commonwealth. Service of the subpoena was made upon the defendant Downey on June 1, 1926, and he filed an answer by consent on August 30, 1926. It is admitted that Downey was a stockholder in several of the defendant companies at the time of the service of the order of notice upon him and upon them.

On January 18, 1927, while the bill was pending, before a hearing on the merits and before a final decree, Stanley W. C. Downey died. On January 28, 1927, his widow filed a petition in the Probate Court for Suffolk County, where the deceased resided, for her appointment as executrix under his will. The petition was allowed, and the will proved on February 17, 1927; on that date her bond as executrix without sureties, in the sum of $25,000, was filed, and approved by Clara L. Power, assistant register of said court. Notice of her appointment as executrix was duly published by her in the Boston Traveler on February 23, and on March 7, 1927, and an affidavit of such publications was duly filed by her in the Probate Court on March 21, 1927.

On April 8, 1927, the plaintiff filed, in the Superior Court, in the present case a suggestion of the death of Stanley W. C. Downey; and on the same date filed a petition to join Alice Y. Downey, executrix under the will of said Stanley W. C. Downey, as defendant to appear and take upon herself the defence of this suit. No citation was taken out on the

petition to join the said executrix as defendant within one year from the time she gave her bond as executrix and gave the notice required by law. G. L. c. 228, §§ 4, 5, 7, 12. On May 29 and June 26, 1928, the executrix filed a motion to dissolve certain injunctions issued on April 20 and June 2, 1926. An appearance was entered for the executrix while the motion filed May 29, 1928, was pending and undisposed of. The substitute motion, filed June 26, 1928, was allowed on June 27, 1928. On this report no question arises with reference to the dissolution of these injunctions.

On July 20, 1928, the executrix filed a motion to dismiss the suit against Stanley W. C. Downey "so far as the said Downey and his estate are concerned, because said defendant died after the commencement of this suit and before the entry of a final decree therein, and the said executrix did not voluntarily appear herein nor was a citation issued within one year from the time when she gave bond as such executrix, she having given notice of her appointment as required by law." "At the hearing upon said so called motion, it appeared that on the seventeenth day of February, 1927, the register of Probate Court and Court of Insolvency for the County of Suffolk was Arthur W. Sullivan, and on said date he was in attendance at his office at the Court House, Boston, and performing his duties. He was not absent from his office except during the usual noon hour when he went for his luncheon. He did not neglect his office or the duties thereof. He was not at any time removed as register of probate. He did not resign from said office as register of probate. He was available during the usual office hours on said seventeenth day of February, 1927, as duly published at his office in said court house, and part of said seventeenth day of February, 1927, was in attendance in the court room with the judge of probate." The motion, "treated as a plea," was sustained by the trial judge and an order for a decree was entered dismissing the bill as against the defendant and his estate without costs.

The appearance of the executrix on June 11, 1928, while the motion to dissolve the injunction filed on May 29, 1928, was pending and undisposed of, was not a voluntary appear-

ance in the action, within the meaning of G. L. c. 228, § 4, nor did it relieve the plaintiff from citing the executrix to appear and take upon herself the defence of the action. *Garber* v. *Hirsh*, 225 Mass. 422. *Finance Corp. of New England* v. *Parker*, 251 Mass. 372. The executrix had no right to waive this special statute of limitations; it was her duty to plead it and insist upon it in defence of the action. *Emerson* v. *Thompson*, 16 Mass. 429. *Stebbins* v. *Scott*, 172 Mass. 356, 362. *Bartlett* v. *Tufts*, 241 Mass. 96.

The plaintiff contends that G. L. c. 228, §§ 4, 5, 7, and c. 197, § 9, are not operative, because the bond filed by the executrix with the Probate Court was "insufficient, irregular, and improper," citing *Abercrombie* v. *Sheldon*, 8 Allen, 532. *Corliss Steam Engine Co.* v. *Schumacher*, 109 Mass. 416. *Slattery* v. *Doyle*, 180 Mass. 27. It is settled law that an action or suit is not barred by the special statute of limitations, G. L. c. 197, § 9, unless the bond taken by the Probate Court is one such as is required to be filed by G. L. c. 205, § 10, which reads: "No bond required to be given to a judge of probate or to be filed in a registry of probate shall be sufficient, unless it has been examined and approved by the judge or register, and his approval over his official signature written thereon." It is undisputed that the bond herein referred to was not examined and approved by the judge or register, but was examined and approved by the assistant register. It is also conceded that the register himself was present and capable of acting on that day.

G. L. c. 217, § 27, reads: "An assistant register shall perform his duties under the direction of the register, and shall pay over to him all fees and amounts received as such assistant. He may authenticate papers and perform such other duties as are not performed by the register. In case of the absence, neglect, removal, resignation or death of the register, the assistant may complete and attest any records remaining unfinished and may act as register until a new register is qualified or the disability removed." The first statute in this Commonwealth authorizing the appointment of an assistant clerk of courts, St. 1851, c. 38, §§ 1, 2, and the original statute authorizing the appointment of assistant registers

of probate and insolvency, St. 1858, c. 93, §§ 6, 7, conferred upon the assistant clerk or assistant register the power to "authenticate papers, and perform such other duties of the clerk [register] as shall not be performed by him," under the direction of the clerk or register, as the case might be. The provisions that the duties of the assistant clerk shall be performed under the direction of the clerk, St. 1851, c. 38, § 1, and the duties of the assistant register shall be performed under the direction of the register, St. 1858, c. 93, § 6, remained apart from § 2 and § 7, respectively, of those statutes which defined the powers and duties of the assistant clerk and assistant register until the enactment of R. L. c. 165, § 30. It is manifest the change of position of the requirement that the duties of the assistant clerk shall be performed under the direction of the clerk and the substitution of the words "any of the duties of the clerk" for the words "such other duties of the clerk as shall not be performed by him" were not intended to change the existing law or to indicate a difference between the powers and duties of the assistant register and those of the assistant clerk of courts, as the plaintiff contends. *Walsh* v. *Commonwealth*, 224 Mass. 39, 40, 41.

We think a like construction must be given to the words of G. L. c. 217, § 27, as has heretofore been given to the words of St. 1851, c. 38 (G. L. c. 221, § 33); and that thus interpreted the assistant register of probate had authority to examine and approve the bond. *Jacobs* v. *Measures*, 13 Gray, 74. *Commonwealth* v. *Hunt*, 216 Mass. 126, 129. *Commonwealth* v. *Svarnas*, 224 Mass. 597.

It results that the entry must be

*Order for decree affirmed.*