CARMELO LAPRESTI *vs.* SMITH P. BURTON, JR., executor.

Suffolk.    April 6, 1936. — June 30, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Practice, Civil,* Appearance, Abatement.    *Executor and Administrator,* Proceedings previously commenced against decedent.

The filing, after the death of the defendant in an action, the cause of which survived, and within one year after the qualification of the executor of his will, of a motion by the executor to stay the action under G. L. (Ter. Ed.) c. 198, § 31, pending determination of insolvency proceedings relating to the estate, was a general appearance under Rule 19 of the Superior Court (1932) and as a voluntary appearance under G. L. (Ter. Ed.) c. 228, § 4, prevented abatement of the action.

TORT.    Writ in the Superior Court dated December 14, 1931.

A plea in abatement, filed by the executor of the will of

the defendant, who died during the pendency of the action, was sustained by order of *Sisk,* J.  The plaintiff alleged exceptions.

*B. J. Killion,* for the plaintiff.

*W. G. Reed,* for the defendant.

RUGG, C.J.  This is an action of tort to recover compensation for personal injuries alleged to have been received by the plaintiff through the negligence of Hiram M. Burton, hereafter called the defendant.  Service was made on the defendant, who appeared and answered on January 23, 1932. On September 19, 1935, there was filed by attorneys in behalf of his executor the suggestion that the death of the defendant occurred on September 13, 1934.  On October 14, 1935, there was filed by attorneys in behalf of the executor a motion to stay proceedings "until determination of the insolvency proceedings in the Probate Court of Plymouth County." A certification of the appointment of commissioners to examine claims against the insolvent estate of the defendant was attached.  On December 3, 1935, the attorneys for the executor filed a plea in abatement.  It was in form a special appearance for the sole purpose of pleading to the jurisdiction of the court.  It set forth that the defendant died on September 13, 1934, that the executor was duly appointed on October 22, 1934, that no citation or order of notice had been taken out by the plaintiff requiring the executor to appear and to take on the defence of the action, and that the time for taking out such citation had expired under G. L. (Ter. Ed.) c. 228, §§ 4 and 5, as amended, and prayed that the action might abate.  The plea was sustained.  The exceptions of the plaintiff bring the case here.

The executor qualified and gave bond on October 22, 1934. No citation was taken out requiring the executor to appear as provided by G. L. (Ter. Ed.) c. 228, § 4.  Therefore the plaintiff is barred from prosecuting this action since the period of limitation of one year has elapsed, G. L. (Ter. Ed.) c. 228, § 5, as amended by St. 1933, c. 221, § 7, unless the executor has voluntarily appeared within the meaning of G. L. (Ter. Ed.) c. 228, § 4.  Both a voluntary appearance and a summons are not required.  Either is enough.  *Garber*

v. *Hirsh*, 225 Mass. 422, 424. The mere suggestion of death of the defendant was not such voluntary appearance. The only question for decision is whether the filing of the motion to stay the action until "determination of the insolvency proceedings" constituted a voluntary appearance. That motion to stay the action was filed eight days before the expiration of the one year period limited by G. L. (Ter. Ed.) c. 228, § 5, as amended by St. 1933, c. 221, § 7. Such a motion is provided for by G. L. (Ter. Ed.) c. 198, § 31. That motion in form was not a special appearance. It is provided by Rule 19 of the Superior Court (1932) that "Any appearance shall constitute a general appearance unless the purposes thereof are specified in writing." That motion invoked the powers of the court for the protection of the estate of the defendant. It sought affirmative relief. It raised no question of law relative to the jurisdiction of the court over the estate. It was in substance and effect a general appearance. *Rollins* v. *Bay View Auto Parts Co.* 239 Mass. 414, 423. *Finance Corp. of New England* v. *Parker*, 251 Mass. 372, 376. See *Karrick* v. *Trask*, 238 Mass. 476, 478.

The case at bar is distinguishable from *Everett Trust Co.* v. *Waltham Theatre Amusement Co.* 267 Mass. 350, where the decision rested on the ground that the personal representative of a deceased party had no right to waive a statute of limitations which had already expired. It is also distinguishable from *Ames* v. *Winsor*, 19 Pick. 247, where the defendant carefully preserved all his special rights under the then prevailing practice.

*Exceptions sustained.*