Pettingell, J.
Action of contract by a creditor of defendant’s testator. The writ was dated within one year of the approval of the defendant’s bond but was served at the last and usual place of abode of the defendant and entered in court more than a year after the approval of the bond.
After the entry of the plaintiff’s writ, the defendant’s attorney filed an appearance for the defendant and, on the same day, filed a plea in abatement, setting forth that the “action was not entered within one year from the time of his giving bond for the performance of his trust, nor was the writ in such action served by delivery in hand upon said defendant or service thereof accepted by him before the expiration of said year nor a notice stating the name and ad *72 dress of the creditor, the amount of the claim and the court in which the action has been brought filed in the registry of probate.”
There was a hearing upon the defendant’s plea in abatement at which the plaintiff seasonably filed the following requests for rulings:
“1. The defendant in order to avail himself of the Statute of Limitations must set up his defense by answer and not by demurrer.
“2, A bond without surety given by an executor and approved by the Judge of Probate without notice to the plaintiff is not such a bond as the Statutes of the Commonwealth require and the Statute of Limitations against the defendant will not begin to- run from the filing of such a bond.”
The trial judge filed the following statement of findings and rulings:
“I hereby sustain the plea in abatement in the action named above. I find as a fact that the defendant, Charles E. Dulligan, Executor of the Will of John J. Fahey, deceased, gave due notice of his appointment as executor. I find that the writ in the action named above was commenced but was not entered within one year from the time of the giving of bond by said Charles E. Dulligan for the performance of his trust. I find that the service made upon the defendant, Charles E. Dulligan, as executor of the will of John J. Fahey, deceased, was made by leaving a summons of the writ at the last and usual place of abode of said Charles E. Dulligan. I find that such service does not fulfill the requirements of General Laws, Chapter 197, Section 9’, and that therefore no valid service of the writ has been made upon the defendant executor.
“I allow the- first request for ruling of law of the plaintiff insofar as it means that the Statute of Limitations, as a defense to the case on its merits, must be pleaded by answer and not by demurrer (or by plea in abatement). If this request for ruling is intended to *73 mean that the period of limitation may not be taken into consideration in determining the validity of service, for the purpose of deciding a plea in abatement, which would not decide the merits of the case, then the first request of the plaintiff is to that extent denied.
“I allow the plaintiff’s second request for ruling of law:”
The plaintiff’s contention is that the defendant, as executor, has not filed in the probate court a sufficient bond as required by G. L. (Ter. Ed.) C. 205, §1. Section 4 of that chapter provides that an executor may file a bond without sureties, as was done here, “but not until all creditors of the estate . . . have been notified and have had opportunity to show cause against the same. ’ ’ In support of his contention he cites Abercrombie v. Sheldon, 8 Allen 532, in which it was held that where a bond without sureties was given without notice to the creditors, that is, notice prior to the appointment of the executor and approval of his bond, the bond did not comply with the statute, and the statute of limitations did not begin to run with its filing. There seems to be no reason to doubt that this is still the law. See, Everett Trust Co. v. Waltham Theatre & Co., 267 Mass. 350, at 353.
The plaintiff’s contention is supported in fact by the words on page three of the report: “No notice of the filing of a bond without sureties was given to the creditors or to the plaintiff.” These words follow an introductory sentence on page 2 to the effect that “the following facts were stated and agreed to by counsel.”
We have, therefore, facts agreed upon which, despite the informality and indefiniteness of the language used, must be construed to mean that no notice was given to the creditors by the Probate Court of the proposed appointment of an executor who had filed, or was to file, a bond without sureties. The words relied upon cannot be interpreted as *74 relating to the giving of notice of appointment after the bond was filed, because that situation is covered by the later sentence, “Due notice of the appointment as executor . . . was given.”
No reference is made in the “Court’s Findings” to these particular facts relied upon by the plaintiff stated to be “agreed to by counsel.”
The first request filed by the plaintiff was allowed by the trial judge “insofar as it means that the Statute of Limitations, as a defense to the case on its merits must be pleaded by answer and not by demurrer (or by plea in abatement).” The trial judge then went on to make a distinction which seems to be in effect that the statute might be pleaded in abatement to determine the validity of the service, an issue independent and distinct from a decision on the merits of the ease. This seems to result in a ruling that the deficiency of a service not complying with G. L. (Ter. Ed.) C. 197, §9, as amended by St. 1933, €. 221, §4, may be pleaded in abatement (see Finance Corp. of New England v. Parker., 251 Mass. 372, at 375), or the provisions of G. L. (Ter. Ed.) C. 197, §9, as amended by St. 1933, C. 221, §4, may be pleaded as a defence to the merits by an answer. We find no error in this disposition of this requested ruling.
The trial judge then allowed the plaintiff’s second requested ruling, which, despite an indefiniteness of wording, must be construed as raising the contention that he now relies upon, that notice must be given the creditors before the appointment of an executor who proposes to file, or has filed a bond without sureties.
The plaintiff does not claim error in the giving of this request. His real grievance is that the trial judge did not apply it to the facts agreed upon by counsel. A party has a right to be assured that a ruling of law requested and given is properly applied to the facts in the case. Clarke v. Second National Bank, 177 Mass. 257, at 266, 267.
*75 Such an appellant, however, has usually a preliminary duty to perform; where there is an inconsistency or an incompatibility between the general finding and a ruling requested and given, or between the general finding and a special finding, the matter should, first, be brought to the attention of the trial court for correction.
“Undoubtedly a general finding must be set aside if unequivocally inconsistent with a special finding, but the trend of the opinions is to sustain the general finding if possible . . . This question should have been raised by a motion for a new trial ... It is not properly open on a report to an appellate division, at least until after a ruling by the trial judge.” Duralith Corp. v. Leonard, 274 Mass. 397, at 401.
“As matter of strict and technical construction, the granting of this request as an entirety was inconsistent with the general finding for the defendant. The request was made by the plaintiffs and they have no right to complain that it was granted. If, after the general finding for the defendant was made, they thought there was an incompatibility to be corrected, their proper course was to file a motion for its correction.” DiLorenzo v. Atlantic National Bank, 278 Mass. 321, at 323, 324.
“The question of inconsistency between these rulings and the finding for the plaintiff obviously was not raised before the finding was made, and it is at least doubtful whether it is presented by the report in the absence of a motion for a new trial based on this ground. ’ ’
Korb v. Albany Carpet Cleaning Co., Mass. Adv, Sh. (1938) 1621, at 1622.
In the case at bar, however, we have' an unusual situation. The plaintiff raised in the district court the issue of the effect upon a probate appointment of failure to give notice to the creditors that the appointment was to be made without sureties. He established by the agreed facts that such notice was not given as to this appointment, and cited a *76 Massachusetts decision holding that, under such circumstances, the statute of limitations does not run against the creditors.
The defendant, for defence to the action, relies upon an amendment to the applicable statute of limitations, to the effect that an executor is not held to answer to an action in which he is not served in hand with process within a year from the approval of his bond as executor.
That amendment is to the statute limiting the time of liability of the estate to one year. If the plaintiff’s contention is correct that statute does not apply in this case at all, and, therefore, the amendment to the statute is not applicable and is no defense. The plaintiff and the defendant are not talking about the same thing. The defendant says that the plaintiff cannot recover because the plaintiff failed to get service in accordance with the amendment to the statute. The plaintiff says that the defendant failed to give the required statutory notice before his appointment without sureties and that consequently the statute, upon which, with its amendment, the defendant relies, has no application.
In this state of the case the trial judge allowed without comment the plaintiff’s second requested ruling which raises the issue of the validity of the defendant’s appointment, as far as the protection of the statute of limitations is concerned. There were facts before the trial judge, to which the ruling, requested and granted, was pertinently applicable. The trial judge then decided the case, apparently by accepting the contention of the defendant. In his written “Findings”, he deals exclusively with that aspect of the case; nowhere in the “Findings” does he refer to the issue raised by the second request, or to those facts, agreed upon, which underlie it.
There is, therefore, an inconsistency in his action in granting the second request and then, without explanation *77 of its non-applicability, deciding the -case on the defendant’s plea in abatement. In addition to this, he has made the following statement of the issues reported by him:
“ The- plaintiff claiming to be aggrieved by the finding of the Court in sustaining the plea in abatement, and claiming to be further aggrieved by the denying of request #1 and claiming to be further aggrieved by the fact that the Court’s finding, sustaining the plea in abatement, is inconsistent with the granting of requesting for ruling #2, therefore, I hereby report the same to the Appellate Division for determination.”
Thus we have, from the trial, judge, a statement showing that he was aware of the claim, by the plaintiff, that the ruling sustaining the plea in abatement was inconsistent with the granting of the second request. His action in framing the report so as to • include this issue, indicates both his knowledge of it, and his conclusion that there had been no error in his action.
Under these circumstances, we are of opinion that the plaintiff was not called upon, before coming to the Appellate Division, to take any preliminary action for the correction of the error by motion, for correction or for a new trial, as set forth in the cases already cited. -Such action would have been only a waste of time. The trial judge had notice of the issue; he did nothing to correct it but instead, specifically reported it to the Appellate Division. It was an issue properly raised in the district court and called to his attention as well as one which he had a right to report. We are of opinion that it is properly here.
We are of opinion, also, that the granting of the second request for ruling, in view of the agreed fact that no notice was given to the creditors, by the probate court that the defendant’s appointment was to be without surety, required the over ruling of the plea in abatement, and that the sustaining of the plea in abatement constituted preju *78 dicial error. A ruling on agreed facts, as here, raises the question whether as matter of law the ruling was warranted. Ingalls v. Hobbs, 156 Mass. 348, at 349: Harmon v. Sweet, 221 Mass. 587, at 598. Frati v. Jannini, 226 Mass. 430, at 432.
The ruling sustaining the plea in abatement is therefore reversed, and the case is to stand, for trial on the merits.