CHARLOTTE TOBIN vs. MARY A. DOWNEY, executrix.

Middlesex.    November 10, 1941. — January 28, 1942.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Practice, Civil*, Appearance, Acceptance of service, Death of party, Requests, rulings and instructions. *Executor and Administrator*, Proceeding previously commenced against decedent. *Pleading, Civil*, Character of pleading.

A "plea in abatement" founded solely on facts apparent on the record in an action must be treated as a motion to dismiss; and an allowance of it was a ruling of law.

Acceptance of service and a general appearance by the executor of the will of a defendant who had died while the action was pending were accomplished when, within a year after the executor's qualification, his attorney indorsed, "may be allowed," with his signature as such attorney, upon a motion by the plaintiff to have the executor ordered to come in and defend, although no order of notice was issued.

CONTRACT. Writ in the Second District Court of Eastern Middlesex dated May 5, 1937.

The "plea in abatement" was heard by *Crafts*, J.

*J. S. Kennedy*, for the plaintiff.

*W. B. Sullivan, Jr.*, for the defendant.

DOLAN, J. This is an action of contract in which the plaintiff seeks to recover compensation for personal services alleged to have been rendered to Annie Hagerty, who died while the action was pending. She had been represented in the case prior to her death by one George E. B. Paul, Esquire, an attorney, who filed an answer and declaration in set-off in her behalf. Following her death the plaintiff moved that Mary A. Downey, the executrix of the will of the deceased, be ordered to come into court and defend the action. This motion was supported by an accompanying affidavit. No notice was issued thereon, but "the backer" of the motion contained the following indorsement: "May be allowed    George E. B. Paul, Attorney for Mary A. Downey, Executrix." This indorsement was made prior to the filing of the motion on November 23, 1938.

On December 4, 1940, the executrix filed a so called "plea in abatement" reciting, in substance, that the defendant (Hagerty) died on March 3, 1938, that on April 26, 1938, Mary A. Downey was appointed and qualified as executrix of her will, that the motion above referred to was filed on November 23, 1938, that no order of notice or citation ever issued to the executrix to come in and defend, and that by virtue of G. L. (Ter. Ed.) c. 228, § 5, the time had expired within which the court could issue an order of notice or citation for such "purposes," and moved that the writ be abated. This so called "plea in abatement" was sustained by the judge, and the case comes before us on the plaintiff's appeal from the order of the Appellate Division dismissing the report.

The present proceeding being an action at law, the "plea in abatement" had no standing as such. Nor can it be given effect as a true answer in abatement, since it sets forth no facts not already apparent on the record. "It is in substance a motion to dismiss founded solely upon the then state of the record and should be treated as such." *Summers* v. *Boston Safe Deposit & Trust Co.* 301 Mass. 167, 169, and cases cited. The action of the judge thereon was founded upon matter of law apparent on the record and if allowed to stand was decisive of the case. In these circumstances no request by the plaintiff for a ruling was required. That the judge properly treated his action on the "plea" as a ruling is evidenced by his statement in his report to the effect that the plaintiff claimed to be aggrieved "by the court's ruling in sustaining the plea in abatement . . . ."

Under G. L. (Ter. Ed.) c. 228, § 4, it is provided that, in the circumstances of the present case, the death of the defendant shall be suggested on the record and that the executor of the deceased may, within such time as the court shall allow, appear and defend the action as if it had been originally commenced against the executor, and that if the executor does not voluntarily appear the surviving party may take out a citation from the court requiring the executor to appear and take upon himself the defence of the action. Section 5, as amended by St. 1933, c. 221, § 7, provides,

however, with certain exceptions not here material, that such citation shall not issue after the expiration of one year from the time the executor or administrator has given bond.

It is settled that, under § 4, if an executor or administrator of a deceased defendant appears generally in the action there is no occasion for citing him in to defend the action, the purpose of the statute being that when a sole defendant dies his executor or administrator may appear, or if he does not he may be summoned. "Either is enough." *Garber* v. *Hirsh*, 225 Mass. 422, 424. The decisive question, therefore, is whether as matter of law the indorsement on the motion to cite the executrix of the deceased defendant to come in and defend constituted a general appearance by the executrix.

Rule 8 of the District Courts (1932) (see now 1940) provides that "Any appearance shall constitute a general appearance unless the purposes thereof are specified in writing." Rule 19 of the Superior Court (1932) which, so far as here pertinent, is phrased in identical language, was interpreted in *Lapresti* v. *Burton*, 295 Mass. 6. In the *Lapresti* case, attorneys in behalf of the executor of the will of the deceased defendant, within the time limited for citing him in to defend the action, filed a motion to stay proceedings until the determination of insolvency proceedings in the Probate Court, and it was held that the motion was in substance and effect a general appearance. It is true that in that case the executor by that motion sought affirmative relief, whereas in the present case the motion was that of the plaintiff, to the allowance of which the executrix of the deceased defendant assented. Notwithstanding this distinction we think that the indorsement on the motion to cite the executrix in to defend in the present case had like effect. The motion was one that the plaintiff was entitled to have granted ex parte as a matter of right. The assent of the executrix was not required for its allowance. No useful purpose would be served by obtaining her assent merely to the issuance of an order of notice citing her in to defend. It seems clear that the only real purpose that the assent in question could serve would be to obviate the ne-

cessity of taking out an order of notice to cite her in, and we are of opinion that the assent of the executrix to the allowance of the motion was tantamount to an acceptance of service and waiver of notice to come in and defend, and that it constituted, in substance and effect, a general appearance in the case by her within the time limited by the statute for summoning her to defend the action.

It is unnecessary to consider the effect of an appearance filed by another attorney after the death of the defendant, which purported to be filed in her behalf. (See, however, *Noyes* v. *Bankers Indemnity Ins. Co.* 307 Mass. 567, 570.)

It follows from what has been said that the order of the Appellate Division must be reversed and a new trial had in the District Court.

*So ordered.*