**Eddie V. HANNA, Plaintiff, Appellant,**

v.

**Edward M. PLUMER, Jr., Executor, Defendant, Appellee.**

**No. 6272.**

United States Court of Appeals
First Circuit.

April 29, 1964.

Albert P. Zabin, Boston, Mass., with whom Schneider & Reilly, Boston, Mass., was on brief, for appellant.

Alfred E. LoPresti, Boston, Mass., and James T. Connolly, Newburyport, Mass., for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

This is an action in which plaintiff, a citizen of Ohio, claims damages in excess of $10,000 for personal injuries as a result of an automobile accident in South Carolina allegedly caused by the negligence of a Massachusetts citizen, now deceased. The defendant, also a Massachusetts citizen, is the decedent's executor. The defendant qualified as executor by filing bond on March 1, 1962. On February 6, 1963 the complaint was filed in the district court for the District of Massachusetts. On February 8 service was made by leaving a copy of the summons with the defendant's wife at his residence, in compliance with F.R.Civ.P. 4(d) (1). The defendant's answer was filed on February 26. The so-called "short statute of limitations," Mass. G.L. (Ter.Ed.) c. 197 § 9, provides that actions against an executor must be "commenced within one year from the time of his giving bond." In addition to timely commencement, the statute provides that the executor "shall not be held to answer" unless

within the year he had been served in hand, or "service \* \* \* [is] accepted by him," or there has been filed in the proper registry of probate a notice identifying the claim, the claimant and "the court in which the action has been brought." In her complaint plaintiff alleged that she had already filed the requisite notice in the registry of probate, and asserted that the action had been brought "within the time required and in accordance with the procedure of the law of the Commonwealth of Massachusetts in [sic] filing suit against the said decedent's Estate." Defendant's answer denied these allegations, and affirmatively alleged that the action could not be maintained because it had been "brought contrary to and in violation of the provisions of \* \* \* Section 9." At the time the answer was filed it was in fact still possible to comply with the statute. However, plaintiff took no further action.

■■ After March 1, 1963 defendant moved for summary judgment with an affidavit revealing that the notice filed in the probate registry made no mention of the court in which the action had been or even was to be brought, or, indeed, that any action was even contemplated. No countering affidavit was filed. The notice thus must be taken as materially defective. Cf. United States v. Saxe, 1 Cir., 1958, 261 F.2d 316, 320. Alternatively, the service of process did not satisfy the special notice requirements of the executor's statute, not having been made in hand, nor had the defendant in terms accepted service. The district court, holding the Massachusetts statute was controlling and on these facts not complied with, granted the defendant's motion for summary judgment. From this plaintiff appeals.

■ In this court plaintiff abandons the allegations of her complaint that she had complied with the Massachusetts "procedure," but asserts that such compliance was unnecessary because, since the action was brought in the federal court, the matter was one of federal procedure governed by F.R.Civ.P. 4(d)(1). We think it clear, however, that we are concerned with a substantive rather than a procedural matter. The service of process by the so-called "last and usual" method was in entire compliance with both Rule 4(d) (1) and the usual Massachusetts procedure, so far as service was concerned. Further, the action was commenced in time, and served in time, in full compliance with the requirements of the ordinary Massachusetts statutes of limitations. The difference was that in addition to service sufficient to satisfy due process requirements for in personam jurisdiction, the executor, a creature of the Massachusetts court charged with the administration and disposition of the estate sought to be reached, was by law entitled to receive specific notification of the action within the year. Special statutes of limitations to effectuate the safe and "speedy settlement of estates that the heirs might be quieted," Brown v. Anderson, 1816, 13 Mass. 201, 202, have been operative in the Commonwealth for over 150 years. Relatively recent amendments evince a clear legislative purpose to require personal notification within the year, ascertainable of record. St.1931, c. 417, § 1; St.1954, c. 552, § 1. See discussion in Parker v. Rich, 1937, 297 Mass. 111, 113, 8 N.E.2d 345; Judicial Council of Massachusetts Twenty-ninth Report 46 (1953), 38 Mass.L.Q. 46 (December 1953). This matter is quite apart from the question of what is adequate service of process in the procedural sense. Actual, record notice would appear fully as substantive a state requirement binding in the federal court as is a requirement that in certain actions a bond must be furnished for costs. Cf. Cohen v. Beneficial Loan Corp., 1949, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528. And see, in a more closely related question, Ragan v. Merchants Transfer & Warehouse Co., 1949, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520.

■ Since the defendant's success would seemingly entirely bar plaintiff's

remedy, and in view of the importance of the matter, even though plaintiff does not argue the point we will consider the correctness of defendant's contention that the Massachusetts statute was not in substance satisfied. We put to one side any contention that the statutory requirements were so loose that actual notice might be established by proof aliunde. But cf. Fleisher Engineering & Const. Co. v. United States, 1940, 311 U.S. 15, 61 S.Ct. 81, 85 L.Ed. 12. The statutory rigidity, which its history shows has been increased rather than diminished, forbids such a construction. On the other hand, an examination seems warranted of the consequence of the voluntary filing of an answer when the statute states that an answer shall not be required. We would agree that the filing of an answer after the year had expired would be without legal effect in view of the settled Massachusetts principle that an executor cannot waive absolute rights of his estate. Finance Corp. of New England v. Parker, 1925, 251 Mass. 372, 146 N.E. 696; Rosenblatt v. Foley, 1925, 252 Mass. 188, 147 N.E. 558; Gallo v. Foley, 1936, 296 Mass. 306, 310, 5 N.E.2d 425; Epstein v. Blender, 1957, 15 Mass.App.Dec. 74. However, where such rights have not become established, the filing of a general appearance or answer within the year might well be regarded as an acceptance of service, an action specifically authorized. Cf. Tobin v. Downey, 1942, 310 Mass. 721, 39 N.E.2d 757; Lapresti v. Burton, 1936, 295 Mass. 6, 2 N.E.2d 1018. That, however, is not this case. We could not construe as an "acceptance" of service an answer which specifically complained of the impropriety of the service and the lack of proper notice. Cf. F.R.Civ.P. 12(b). If this view be thought unduly technical we might add that it is entirely conceivable that the decedent driver was insured, and that the summons may have been forwarded to the company, and by it to its counsel, without any action by or actual notice to the executor.

Judgment will be entered affirming the judgment of the District Court.