WILLIAM H. JENNEY & others *vs.* CHARLES F. WILCOX & another.

A creditor of the estate of a deceased person will not be relieved from the imputation of culpable neglect, within the meaning of *St.* 1861, *c.* 174, § 2, in omitting to bring an action against the executor within the time limited by the statute, by reason of his ignorance of the statute limitation of such actions.

BILL IN EQUITY by various creditors of the estate of Philip Wilcox, deceased, against the executors thereof, setting forth that their several claims were justly due and are now barred by the statute of limitations; that after the appointment of the defendants as executors a large amount of the real and personal estate of the deceased was destroyed by fire; that the defendants thereupon earnestly requested the plaintiffs to wait till funds should be realized from property then at sea, and assured the plaintiffs that their claims should certainly be paid; that only one of the plaintiffs was then aware of the statute of limitations in relation to suits against executors, but the rest of the plaintiffs have learned of the same since the expiration of the time limited thereby for such suits, and that without culpable neglect they omitted seasonably to prosecute their several claims. The defendants admitted the truth of the plaintiffs' allegations and professed their willingness to pay the plaintiffs' claims, provided they could legally do so; and it was ordered by *Chapman*, J. that a decree be entered in favor of the plaintiffs. The defendants appealed to the whole court.

*E. L. Barney*, for the defendants.

*O. Prescott & T. M. Stetson*, for the plaintiffs.

HOAR, J.   This case is settled by the decision in a recent case in Middlesex county, *Waltham Bank* v. *Wright*, 8 Allen, 121. The only material difference between them is this, that the

plaintiffs in the present suit aver in their bill that most of them were not aware of the statute limitation of suits against execu- tors and administrators until after their claims against the estate were barred by its provisions. But we are of opinion that they cannot avail themselves of such ignorance of the plain require- ments of the law. In the absence of fraud or imposition of any kind, the presumptior. that they knew what every citizen is bound to know at his peril must be held conclusive. At least, the failure to inform themselves of a statute so important, so long in force, and of such constant application, must be re- garded as in itself negligence for which they are responsible In a case where the rights of other parties will be seriously af- fected, it would not be safe to allow any person to avail himself of such a plea for indulgence, which would tend to delay indefi- nitely the settlement of estates. *Bill dismissed.*