LLOYD W. WELLS & another *vs.* CHARLES T. CHILD & another.

A testator devised his estate in trust, after payment of all his just debts and obligations, for certain uses. His personal estate proved of no value. A married woman, living in New York, who held a note signed by the testator, applied to the executors for payment. They informed her that they would pay it as soon as they should sell certain real estate, which they were in immediate expectation of doing, and constantly assured her that no further legal proceedings on her part were necessary in relation to her claim. She being misled by these assurances neglected to commence a suit thereon within the time limited by law. *Held*, that she could not maintain a bill in equity, under *St.* 1861, *c.* 174, § 2, to recover the amount of her claim against the testator's estate.

BILL IN EQUITY by the executors of the will of Frances G. Wells, of New York, against the executors of the will of John B. Fessenden, for the payment out of his estate of the note sued upon in the action at law, reported, *ante*, 330.

The bill alleged the facts stated in that case; and also that Fessenden by his will, proved on the 16th of August 1862, de-vised his real estate to the defendants in trust, " after the pay-ment of all my just debts and obligations," for the benefit of his father and sisters, with power of sale; that the defendants, long before the expiration of two years from said 16th of August, were notified of the existence of this claim against his estate, and acknowledged its validity, and expressed their intention and

Wells & another *v.* Child & another.

desire to pay it as soon as they should realize the necessary sum from a sale of this real estate, which they constantly represented that they were in immediate expectation of doing; that the said Frances G. Wells, being out of the state, and being misled by the statements of the defendants and their agents, who constantly assured her that no further legal proceedings on her part were necessary in relation to her claim, neglected to commence a suit against them within said two years; that Fessenden's personal estate was of no value; and that the defendants had never obtained or applied for any license for the sale of his real estate for the payment of his debts, and in 1863 conveyed away his real estate, without consideration, and the grantees held it upon the same trusts. The defendants demurred generally to the bill.

*D. Thaxter,* for one of the defendants.

*G. Putnam, Jr.,* for the other defendant.

*C. B. Goodrich & U. H. Crocker,* for the plaintiffs.

GRAY, J. The remedy given by the *St.* of 1861, *c.* 174, § 2, to one having a claim against the estate of a deceased person which has not been prosecuted within the time limited by law, is by bill in equity in this court, according to the ordinary mode of proceedings in chancery; and the creditor, in order to entitle himself to relief, must satisfy the court both that "justice and equity require it," and that he "is not chargeable with culpable neglect" in not suing in time at law.

The equity which is administered by courts of chancery in England and America at this day is not an arbitrary or capricious discretion, governed only by the opinion of the court or judge as to the hardship of individual cases; but a collection of general rules and principles, confirmed, defined and illustrated by a long series of adjudications, and forming a harmonious and uniform system, varying only in its application to different circumstances. In order to ascertain the rules and principles by which to be guided in determining whether "justice and equity require" us to relieve the plaintiff, we naturally turn to the decisions of courts of chancery, and the statements of writers of learning and experience, on similar questions.

In the treatise on equity jurisdiction most in use in this commonwealth at the time of the passage of this statute, we find the very terms used. Mr. Justice Story says, " Courts of equity not only act in obedience and in analogy to the statute of limitations, in proper cases, but they also interfere in many cases, to prevent the bar of the statutes where it would be inequitable or unjust." 2 Story on Eq. § 1521. He then mentions, as the principal cases in which justice and equity require a court of chancery not to allow the statute of limitations to bar all remedy, cases of fraud not discovered until the statute has run at law, unfounded litigation protracted by the debtor so as to take away the right to proceed at law, trusts, and acknowledgments by the debtor.

The fraud necessary to make an exception to the statute must be a fraudulent concealment of the cause of action, and the statute runs in equity from the time when the plaintiff discovers the fraud and becomes aware of the existence of his debt. *Hovenden* v. *Annesley*, 2 Sch. & Lef. 634. *Whalley* v. *Whalley*, 3 Bligh, 2. *Charter* v. *Trevelyan*, 11 Clark & Fin. 714. *Badger* v. *Badger*, 2 Wallace, 87. *Farnam* v. *Brooks*, 9 Pick. 246. If mistake can have any effect to take a case out of the statute, (which has been sometimes denied,) it has certainly no greater effect than fraud. *Cholmondeley* v. *Clinton*, 2 Jac. & Walk. 139. *Byrne* v. *Frere*, 2 Molloy, 171, 178. *Brooksbank* v. *Smith*, 2 Y. & Colly. (Exch.) 58. *Dodge* v. *Essex Ins. Co.* 12 Gray, 71. We are not aware of any instance in which a party, knowing, or having reasonable means of knowing, his rights, and the facts on which they depend, has been allowed in equity to avoid the bar of the statute, upon the ground of misrepresentation or mistake as to the proper remedy to enforce those rights, or the time within which such remedy must be pursued. And it has been already adjudged by this court that the creditor's ignorance of the statute bar is no ground for giving him relief under the *St.* of 1861. *Jenney* v. *Wilcox*, 9 Allen, 245.

The trusts declared in this will do not affect the case. By our laws, the real estate of a deceased person, as well as his

personal property, is liable for his debts. The duty of paying the testator's debts belonged to the defendants as executors, not as trustees. *Drury* v. *Natick*, 10 Allen, 174. Hill on Trustees, 344. The general clause as to payment of debts, inserted in the will, did not subject any property to their payment which was not already liable, nor vary the rights of the parties, nor make any difference with respect to the operation of the statute of limitations. *Scott* v. *Jones*, 4 Clark & Fin. 382. *Freake* v. *Cranefeldt*, 3 Myl. & Cr. 499.

It is settled by a series of decisions of this court that no acknowledgment or waiver by an executor can take a claim out of the special statute of limitations so as to bind the estate, or enable the creditor to maintain a suit in equity under the *St.* of 1861. *Waltham Bank* v. *Wright*, 8 Allen, 121, and cases cited. *Dawes* v. *Shed*, 15 Mass. 6. *Jenney* v. *Wilcox*, 9 Allen, 245. *Bradford* v. *Forbes*, Ib. 367, 368.

Courts of equity allow no exceptions, not expressly made in the statutes of limitations, on the ground of personal disability to sue, such as infancy, coverture, absence from the state, or the like. Angell on Lim. § 29. Indeed, to allow such exceptions to the special statute of limitations, passed to protect the estates of deceased persons and insure their speedy settlement, would in many cases go far to defeat the whole object of the statute. The facts that this creditor was a married woman and resided out of the Commonwealth are therefore of no weight.

The facts alleged in the bill and admitted by the demurrer do not show any fraud or protraction of litigation on the part of the executors of the debtor, or any ignorance or mistake of the creditor as to the existence or validity of her claim against the estate. They only show that the defendants knew that there was such a claim and admitted it to be a valid one; and expressed an intention and wish to pay it out of funds which they expected to, but never did, obtain, and assured the creditor that no further legal proceedings were necessary on her part; and that, relying on this representation, she neglected to sue within the two years allowed by law.

It was the duty of the defendants as executors to afford

reasonable information to all parties interested in the actual condition of the estate; and this, so far as appears, they did to the best of their knowledge and belief. But they had no authority to waive the special statute of limitations, or to bind the estate by any new acknowledgment or promise. It was no part of their duty to advise creditors in matters of law; and the fact that this creditor saw fit to take and rely upon their advice affords no more reason for excusing or relieving her from the consequences of its inaccuracy than if she had obtained advice from any other person.

The court is therefore of opinion that if the plaintiff's testatrix was not to blame, or, in the words of the statute, as expounded in the cases in the 8th and 9th of Allen, above referred to, " chargeable with culpable neglect," in not informing herself of the laws of this commonwealth, under which her debtor's estate was to be administered and distributed, it cannot be said that "justice and equity," in any sense which a court of chancery can give to those words as applied to this subject, " require " that judgment should be rendered in favor of this claim.

*Demurrer sustained; bill dismissed*