ETTA SEGAL *vs.* GRACE N. SWITZER, executrix.

Middlesex.   March 9, 29, 1938. — January 5, 1940.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, COX, & RONAN, JJ.

*Revival of Action. Limitations, Statute of. Statute,* Retroactive. *Equity Pleading and Practice,* Bill, Decree.

Although, when a suit was begun against an executor under G. L. (Ter. Ed.) c. 197, § 10, seeking a judgment on a claim for personal injuries caused by negligent operation of a motor vehicle by the testator, St. 1937, c. 406, § 1, and St. 1938, c. 16, had not been enacted, but the averments of the bill were that an action of tort for the injuries had been brought against the testator, who had been covered by compulsory motor vehicle liability insurance, and was still pending and that the plaintiff had not learned of the testator's death until more than one year after the executor had qualified, this court in 1940, upon a report of a decree sustaining a demurrer to the bill, determined that relief by requiring the executor to appear and defend the action of tort could be given under § 5 of G. L. (Ter. Ed.) c. 228, as appearing in St. 1937, c. 406, § 1, on the averments of the bill as it stood, and issued its rescript reversing the decree and overruling the demurrer.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Middlesex on January 12, 1937, and afterwards amended.

A demurrer to the amended bill, filed on September 27, 1937, was sustained on November 16, 1937, by *Donahue,* J., who reported the case to the full court.

The case was argued at the bar in March, 1938, before *Rugg,* C.J., *Field, Lummus, Dolan,* & *Cox,* JJ., and, after the death of *Rugg,* C.J., was submitted on briefs to *Qua* & *Ronan,* JJ.

*Lee M. Friedman,* for the plaintiff.

*M. Z. Kolodny,* (*G. Taschetta* with him,) for the defendant.

LUMMUS, J.   In her bill in equity, filed January 12, 1937, the plaintiff alleges that she suffered bodily injury on September 3, 1933, because of the negligence of William H. Switzer, the defendant's testator, in the operation of his motor vehicle upon a public way in this Commonwealth.

Switzer was insured under the compulsory motor vehicle liability insurance act, G. L. (Ter. Ed.) c. 90, §§ 34A–34J. On May 17, 1934, the plaintiff seasonably brought against him an action of tort which is still pending of record. G. L. (Ter. Ed.) c. 260, § 4. His insurer defended in his name. The attorneys appearing for the plaintiff and those appearing for Switzer conducted various negotiations up to the time when the case was reached for trial on January 11, 1937, when the attorneys appearing for Switzer refused to agree to produce him at the trial and told the attorneys for the plaintiff that he would have to be summoned if desired as a witness. It was as a result of an attempt to serve a summons on Switzer that the plaintiff learned that he had died on December 3, 1935, and that on January 2, 1936, the defendant had been appointed executrix of his will and had given bond in that capacity. It was then too late to bring a new action of tort against the executrix (G. L. [Ter. Ed.] c. 197, § 9, as amended by St. 1933, c. 221, § 4; see also G. L. [Ter. Ed.] c. 260, § 4, as amended by St. 1934, c. 291, § 4), or to summon her in to defend the pending action under G. L. (Ter. Ed.) c. 228, § 4; and § 5, as amended by St. 1933, c. 221, § 7. *Mulligan* v. *Hilton, ante,* 5.

The plaintiff, when she filed the present bill, undoubtedly based it upon G. L. (Ter. Ed.) c. 197, § 10. Neither St. 1937, c. 406, § 1, nor St. 1938, c. 16, discussed in *Mulligan* v. *Hilton, ante,* 5, had then been enacted. A demurrer was sustained, and the case was reported. It is not at all clear that the bill did not state a good case under G. L. (Ter. Ed.) c. 197, § 10. Since that section gives a remedy only to one whose claim "has not been prosecuted within the time limited by the preceding section," which relates solely to the limitation of actions by creditors of decedents against their executors or administrators, it has been held that a creditor who has once seasonably brought an action against the executor or administrator cannot have relief under § 10. *Worcester County National Bank of Worcester* v. *Stiles,* 292 Mass. 453. *Gray* v. *Dahl,* 297 Mass. 260. But it is immaterial that a creditor has once brought an action against the decedent in his lifetime. *Ewing* v. *King,* 169

Mass. 97. *Haven* v. *Smith,* 250 Mass. 546, 547, 548. Compare *Nichols* v. *Pope,* 287 Mass. 244, 246, 247. No doubt a tort claimant is a "creditor" within G. L. (Ter. Ed.) c. 197, § 10, as well as within § 9 as amended by St. 1933, c. 221, § 4. *Mulligan* v. *Hilton, ante,* 5. And we do not decide that the facts set forth in the bill do not show freedom from culpable neglect and a need in justice and equity for relief under § 10. *Ewing* v. *King,* 169 Mass. 97. See also *Ryan* v. *Lyon,* 212 Mass. 416; *McLearn* v. *Hill,* 276 Mass. 519.

We prefer to deal with the case under St. 1937, c. 406, § 1, and St. 1938, c. 16, amending G. L. (Ter. Ed.) c. 228, § 5. These more recent statutes permit the reviving of an action already begun at law, instead of giving complete relief in equity as does G. L. (Ter. Ed.) c. 197, § 10. An action for alleged negligence in the operation of a motor vehicle is particularly fit for trial according to the practice applicable to actions at law, including trial by jury. In the opinion of a majority of the court, the facts alleged in the bill and already recited make out a case for relief under these more recent statutes. Since the scope of a bill in equity is determined by the facts stated and not by the prayers, and a prayer for general relief is legally a part of every bill (G. L. [Ter. Ed.] c. 214, § 12; *Bleck* v. *East Boston Co.* 302 Mass. 127, 130), relief under these more recent statutes can be given upon the bill in its present form. Even on the assumption that the bill fails to state a case under G. L. (Ter. Ed.) c. 197, § 10, a majority of the court think that under the peculiar circumstances found in this case the acquisition, pending the suit, of a cause for relief under these more recent statutes, not existent when the suit was begun, enables the suit to be maintained for the newly acquired cause notwithstanding the principle of *Bartlett* v. *New York, New Haven & Hartford Railroad,* 226 Mass. 467, 471. It is manifest that the purpose of the Legislature in passing both the 1937 act and the 1938 act was merely to provide for the revival of the original action. The new statutory procedure is merely ancillary to the original action. It leads to no independent relief. The purpose to make it retroactive appears from the 1938 act. The situation here

presented differs fundamentally from the ordinary instance of the cause of action arising after the bringing of the suit. The whole purpose being merely to revive a "pending" action at law, it can make no difference, after the 1938 act took effect, whether the application to accomplish that result was filed before or after the passage of either of the statutes. It cannot therefore be supposed that the Legislature intended to put a plaintiff who had filed an adequate bill before the 1938 act took effect to the useless formality of filing another one after that act took effect. This conclusion does not weaken the authority of *Bartlett* v. *New York, New Haven & Hartford Railroad,* 226 Mass. 467, 471. It merely interprets the 1938 act as intended to accomplish an object similar to that of the statute under discussion in *Danforth* v. *Groton Water Co.* 178 Mass. 472.

A similar question was really involved in and decided by *Mulligan* v. *Hilton, ante,* 5, just decided, although it is discussed in this opinion because this case presents the point in more striking form. That case governs the present one in all other essential respects.

*Decree sustaining demurrer reversed.*
*Demurrer overruled.*