MABEL R. NOYES *vs.* BANKERS INDEMNITY INSURANCE
COMPANY & another.

Middlesex.    October 9, 10, 1940. — December 30, 1940.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Practice, Civil,* Vacation of judgment, Entry of judgment, Death of
party, Authority of attorney. *Jurisdiction,* Over the person. *Judgment. Attorney at Law. Agency,* Termination.

A petition to vacate a judgment in a District Court is a new proceeding,
independent of the action in which the judgment was entered.
The death of the defendant in an action in a District Court terminated
the authority of an attorney at law who had appeared for him therein;
and the court did not acquire jurisdiction of a petition for vacation
of a judgment for the defendant where the petition was filed by the
plaintiff after the defendant's death and before the appointment
of his personal representative, notwithstanding there was service of
notice on such attorney in accordance with the court's order.
A second judgment, entered after the allowance of a petition, of which
the court had no jurisdiction, to vacate a prior judgment, was void.

BILL IN EQUITY, filed in the Superior Court on November
30, 1937, on amendment from an action of contract or tort
begun by writ dated August 31, 1937.

The suit was heard by *Greenhalge,* J.

*W. F. Howard,* (*G. M. French* of New Hampshire with
him), for the plaintiff and the defendant Shea, administratrix.

*M. Z. Kolodny,* for the defendant.

RONAN, J.    This is a bill in equity to reach and apply
in satisfaction of a judgment, alleged to have been recovered by the plaintiff in the District Court of Lowell against
the estate of one Gordon for injuries sustained by her on
account of the negligent operation of his automobile, the
indemnity furnished Gordon under a motor vehicle liability
policy issued to him by the corporate defendant.    In this
suit in equity, Anne E. Shea, administratrix of the estate
of Gordon, was admitted as a party defendant and filed a

counterclaim.[1]   Both she and the plaintiff appealed from a final decree dismissing the bill and the counterclaim.

The plaintiff was injured on July 9, 1935, while travelling upon a highway in Chelmsford, in this Commonwealth, by reason of a collision with an automobile operated by Gordon, a resident of Rhode Island.  She commenced an action in the District Court of Lowell on July 13, 1935, and the defendant Gordon appeared in said action.  The proceedings in the District Court thereafter were as follows:  The plaintiff, on January 31, 1936, desired to discontinue the action then pending in the District Court in order to commence a new action, and, by removing it to the Superior Court, secure a jury trial.  Her counsel sent to counsel for the defendant a new writ for acceptance of service, together with an agreement to be executed by the defendant's counsel. This agreement provided for the following entry of judgment in the pending case:  "The plaintiff is nonsuited without costs and without prejudice."   The agreement after being signed by counsel for the parties was filed on July 3, 1936, in the District Court.  Judgment for the defendant without costs was then entered on the docket.  Gordon died on February 22, 1936, but counsel did not learn of his death until October 1, 1936.  On October 14, 1936, counsel for the plaintiff filed a suggestion of death and a petition to vacate the judgment for the defendant, which was entered after the filing of the agreement for nonsuit.  An order of notice issued and notice was given by registered mail to the attorneys who had appeared for the defendant.  No appearance having been entered in behalf of the defendant or his estate, the court on October 27, 1936, ordered the judgment vacated. Thereafter Anne E. Shea was appointed administratrix of the estate of Gordon by the Probate Court of Middlesex County on December 16, 1936 — see *Gordon* v. *Shea,* 300 Mass. 95 — and she became a party defendant.  She was subse-

---

[1] This counterclaim was against the defendant Bankers Indemnity Insurance Company.  In it the defendant Shea "incorporated the allegations in the plaintiff's bill" and made other allegations, and prayed that "the defendant insurance company be ordered to exonerate and indemnify her, as said administratrix and legal representative, and the estate of the assured," and to pay the judgment for the plaintiff described later in the opinion. — REPORTER.

quently defaulted and judgment was entered for the plaintiff. In the present suit the judge ruled that, as no service was made on the petition to vacate judgment upon either the defendant or his personal representative, the proceedings to vacate the judgment were void and the subsequent judgment was of no effect.

A domestic judgment rendered by a court of common law jurisdiction is valid between the parties as long as it stands, and cannot be attacked collaterally. *Joyce* v. *Thompson*, 229 Mass. 106. *Long* v. *MacDougall*, 273 Mass. 386. *Sciaraffa* v. *Debler*, 304 Mass. 240. The reason for the rule has been said to be the existence of a remedy by writ of error in cases in which judgments have been erroneously entered, *Smith* v. *Rice*, 11 Mass. 507; *Stickney* v. *Davis*, 17 Pick. 169; *Hendrick* v. *Whittemore*, 105 Mass. 23; *Heard* v. *Calkins*, 234 Mass. 526, although there are instances where relief has been afforded in equity against the enforcement of a judgment obtained by fraud. *Connor* v. *Haverhill*, 303 Mass. 42, and cases cited. Where the court has acquired jurisdiction of the subject matter and the parties, it may render a judgment for or against one of the parties after his death and, although such a judgment is erroneous and liable to be set aside, it is not void or open to collateral attack. *Hendrick* v. *Whittemore*, 105 Mass. 23. *Reid* v. *Holmes*, 127 Mass. 326. *New Orleans* v. *Gaines's Administrator*, 138 U. S. 595, 612. To avoid the entry of a judgment liable to be reversed upon a writ of error, it has become the practice at common law and under the statute (G. L. [Ter. Ed.] c. 235, § 4) where, after a verdict or a finding has been made decisive of the rights of the parties, one of them dies pending a decision on some question of law, to enter the judgment *nunc pro tunc* as of a date before the death of the party. *Kelley* v. *Riley*, 106 Mass. 339. *Perkins* v. *Perkins*, 225 Mass. 392. *Barnes* v. *Barnes*, 291 Mass. 383. The judgment for the defendant Gordon was entered in accordance with the statute (G. L. [Ter. Ed.] c. 235, § 2) and Rule 37 of the District Courts (1932); *Porter* v. *Boston Storage Warehouse Co.* 238 Mass. 298; *Cohen* v. *Industrial Bank & Trust Co.* 274 Mass. 498, and remains in force unless it was vacated

by the subsequent proceedings taken by the plaintiff. *Hanzes* v. *Flavio*, 234 Mass. 320. *Lee* v. *Fowler*, 263 Mass. 440.

The petition to vacate this judgment, which was filed on October 14, 1936, was a new proceeding, independent of the action in which the judgment was entered. *Maker* v. *Bouthier*, 242 Mass. 20. *Beserosky* v. *Mason*, 269 Mass. 325. This petition stated that the defendant Gordon died on February 22, 1936, and prayed that an order of notice issue to the attorneys who had appeared in his behalf. Such notice was given but no other service was made upon this petition. The death of Gordon prior to the filing of this petition terminated the authority of these attorneys to act further as his agents. *Currier* v. *Lowell*, 16 Pick. 170. *Gleason* v. *Dodd*, 4 Met. 333. *Fenelon* v. *Fenelon*, 244 Mass. 14. The petition did not run against Gordon or his personal representative. In fact it did not name any party respondent. It was a mere nullity. *Loring* v. *Folger*, 7 Gray, 505. *Barnes* v. *Barnes*, 291 Mass. 383. The District Court was without jurisdiction to grant any relief upon such a petition, and there was error in the order made October 27, 1936, to vacate the judgment entered on July 10, 1936, as a consequence of the filing of the agreement for the nonsuit. *Brooks* v. *Boston & Northern Street Railway*, 211 Mass. 277. *Bateman* v. *Wood*, 297 Mass. 483. *Martinelli* v. *Burke*, 298 Mass. 390.

In the absence of a statute providing for different judgments in an action at law, *Beauvais* v. *Springfield Institution for Savings*, 303 Mass. 136, there can ordinarily be but one final judgment. *Leonard* v. *Robbins*, 13 Allen, 217. *Contakis* v. *Flavio*, 221 Mass. 259. *Brooks* v. *Davis*, 294 Mass. 236. The second judgment was entered upon the assumption that the first judgment had been vacated. Both purported to be final judgments. The entry of a second final judgment without vacation, modification or reversal of the first final judgment leaves the latter as the final judgment. *Morrison* v. *Chicago*, 142 Ill. 660. *Warren* v. *Manwarring*, 173 Mo. 21. *Nuckolls* v. *Irwin*, 2 Neb. 60. *Crichton* v. *Columbia Ins. Co.* 81 App. Div. (N. Y.) 614.

*Conrad* v. *Commercial Mutual Ins. Co.* 81½ Penn. St. 66. *Wagner* v. *Northern Life Ins. Co.* 70 Wash. 210. *Duras* v. *Keller*, 176 Wis. 88. Freeman, Judgments (5th ed.) § 102. The judgment entered on July 10, 1936, stands, and the plaintiff has no valid judgment in her favor for the satisfaction of which she could have recourse to the policy issued by the defendant company. *Sciaraffa* v. *Debler*, 304 Mass. 240. *Fistel* v. *Car & General Ins. Corp. Ltd.* 304 Mass. 458. *Rogan* v. *Liberty Mutual Ins. Co.* 305 Mass. 186.

There was no abuse of discretion in the action of the judge in refusing to reopen the hearing after he had filed his findings and an order for a decree, in order to permit the plaintiff to introduce additional evidence which she had in her possession at the time of the hearing. *Waucantuck Mills* v. *Magee Carpet Co.* 225 Mass. 31. *Short* v. *Farmer*, 260 Mass. 102. *Finnegan* v. *Checker Taxi Co.* 300 Mass. 62.

*Decree affirmed.*