MABEL R. NOYES *vs.* ANNE E. SHEA, administratrix.

Middlesex.     May 4, 1942. — June 25, 1942.

Present: FIELD, C.J., DONAHUE, QUA, & COX, JJ.

*Equity Jurisdiction*, Claim barred by short statute of limitations, Revival of action. *Practice, Civil*, Death of party. *Executor and Administrator*, Claim barred by short statute of limitations, Proceedings previously commenced against decedent. *Revival of Action*.

Lack of culpable neglect permitting relief under either G. L. (Ter. Ed.) c. 197, § 10, or c. 228, § 5, as appearing in Sts. 1937, c. 406, § 1; 1938, c. 16, was not shown where the plaintiff in an action for personal injuries under the motor vehicle law, who, after procuring by consent a nonsuit and judgment for the defendant, learned that the defendant had died before such nonsuit and then, before the appointment of an administrator of the defendant's estate, secured a vacation of that judgment upon notice merely to the attorney who formerly had represented the defendant and, upon the subsequent appointment and appearance of the administrator, secured a judgment against him which, together with the vacation of the original judgment, was adjudicated void by this court several years after the qualification of the administrator.

Under G. L. (Ter. Ed.) c. 228, § 5, as appearing in Sts. 1937, c. 406, § 1; 1938, c. 16, a suit in equity could not be maintained with respect to an action in which a nonsuit and judgment for the defendant had been entered in 1936.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Middlesex on May 9, 1941.

The plaintiff appealed from decrees entered by order of *Dolan,* J.

*W. F. Howard,* (*G. M. French* of New Hampshire with him,) for the plaintiff.

*H. S. Avery,* for the defendant.

Cox, J. The plaintiff appealed from the interlocutory decree sustaining the defendant's demurrer and from the final decree dismissing her bill. Certain aspects of this litigation have already been before this court. See *Gordon* v. *Shea,* 300 Mass. 95; *Noyes* v. *Bankers Indemnity Ins. Co.* 307 Mass. 567.

Material allegations of the plaintiff's bill are that on July 9, 1935, she sustained personal injuries as the result of the negligent operation of an automobile in this Commonwealth by Samuel S. Gordon, late of the State of Rhode Island, who died on February 22, 1936; that in July, 1935, the plaintiff brought an action of tort in one of the District Courts against Gordon, who appeared and answered; that on June 23, 1936, "counsel for both parties in said tort action, the plaintiff and her counsel being ignorant of the prior death of said Gordon and of the consequent lack of authority of his said counsel to represent him further in said action or otherwise," executed an agreement for nonsuit without prejudice, and, as a part of said transaction, "the said counsel for the said Gordon" accepted service in his behalf on a new writ for the same cause of action brought by the same plaintiff against the same defendant in the same court; that on July 3, 1936, this agreement for nonsuit was filed in the District Court and on July 10, 1936, judgment for the defendant Gordon, without costs, was entered; that said new writ was duly entered and removed to the Superior Court for trial by jury, "but was null and void because of said Gordon's death prior to

the acceptance of service in his name and was subsequently nonsuited for that reason"; that on October 1, 1936, the plaintiff first learned of the death of Gordon, and on October 14, 1936, instituted proceedings in the District Court · seeking to bring about a vacation of said judgment of nonsuit for the defendant, and said judgment, "after notice to said counsel who had executed said agreement for nonsuit," was ordered vacated on October 27, 1936; that on December 16, 1936, the defendant in the case at bar, upon a petition brought by the plaintiff as a creditor of Gordon's estate, was duly appointed administratrix thereof, and on December 26, 1936, she voluntarily entered her appearance, in her capacity as administratrix, as a party defendant in the original action in the District Court in which the judgment was vacated, and on July 23, 1937, judgment was recovered by the plaintiff against said administratrix. Further allegations describe the plaintiff's attempt to reach and apply the proceeds of an insurance policy issued to Gordon and the dismissal on February 3, 1941, of her bill, brought for that purpose. See *Noyes* v. *Bankers Indemnity Ins. Co.* 307 Mass. 567. Finally, the plaintiff alleges that she has diligently attempted to prosecute her cause of action against Gordon and his administratrix, but, as a result of the opinion in the case just cited, she finds herself without an adequate remedy at law, "as a result of the lapse of time before the status of the judgment recovered by the plaintiff against the defendant administratrix" in the District Court was finally adjudicated; that she has not been guilty of and is not chargeable with culpable neglect; that no distribution of assets has ever been made by the defendant administratrix; and that the only asset in the estate is the right of exoneration under the motor vehicle liability policy. Prayers are that under G. L. (Ter. Ed.) c. 228, § 5, as amended, appropriate orders be made vacating said judgment of nonsuit and for the issuance of a citation, if necessary, summoning in the defendant as administratrix to defend said action and otherwise to put said action in the position where a trial may be had of the issues involved; and in the alternative, and failing such orders, that under G. L. (Ter. Ed.)

c. 197, § 10, the plaintiff be given judgment in the amount of her claim against the "estate of the defendant administratrix."

The demurrer, which was sustained generally (see *Ratté* v. *Forand*, 299 Mass. 185, 187; *Walter* v. *McCarvel*, 309 Mass. 260, 263), assigned several causes, including allegations that the bill fails to set forth anything entitling the plaintiff to relief under said c. 197, § 10 or said c. 228, § 5, as amended. We are of opinion that the demurrer was sustained rightly.

General Laws (Ter. Ed.) c. 197, § 9, as amended by St. 1933, c. 221, § 4, provides for the time within which creditors of deceased persons shall bring actions, subject to certain conditions not here material. The time is fixed as within one year from the time the executor or administrator has given bond for the performance of his trust. Section 10 of said c. 197 provides that if the Supreme Judicial Court, upon a bill in equity filed by a creditor whose claim "has not been prosecuted" within the time limited by said § 9, deems that justice and equity require it "and that such creditor is not chargeable with culpable neglect in not prosecuting his claim within the time so limited," it may give him judgment in the amount of his claim against the estate of the deceased person; but such judgment shall not affect any payment or distribution made before the filing of his bill. The plaintiff was a creditor within said §§ 9 and 10, *Segal* v. *Switzer*, 305 Mass. 27, 29, and the mere fact that she had brought an action against the decedent in his lifetime does not prevent her from proceeding under said § 10. *Segal* v. *Switzer*, 305 Mass. 27, 28, 29, and cases cited. She is not entitled to relief, however, under said § 10 if the facts alleged fail to disclose that she is not chargeable with culpable neglect, and that justice and equity require the relief sought. *Wells* v. *Child*, 12 Allen, 333. *Nochemson* v. *Aronson*, 279 Mass. 278, 281.

It would seem that the proceedings in July, 1936, resulting in judgment for the defendant Gordon, were for the purpose of enabling the plaintiff to obtain a trial by jury. General Laws (Ter. Ed.) c. 218, § 19, appearing in St. 1934,

c. 387, § 1, provides, among other things, that District Courts shall have exclusive original jurisdiction of actions of tort arising out of the operation of a motor vehicle, and § 102A of G. L. (Ter. Ed.) c. 231, inserted by said c. 387, § 3, provides, among other things, that a party bringing such an action of tort shall thereby be deemed to have waived a trial by jury and any right of appeal to the Superior Court, unless said action is removed to the Superior Court within the time therein provided. It is apparent from the allegations of the bill that the plaintiff had failed to take any steps to remove her original action. Undoubtedly what she did in clearing the way for the removal of the second action and in removing it was within her rights (see *Alpert* v. *Mercury Publishing Co.* 272 Mass. 43, 45), although it is apparent that, had she not entered into the agreement for nonsuit, a cause of action would have been pending (unless, of course, some other moves were made) on October 1, 1936, when the plaintiff learned that Gordon had died. If she had then petitioned as a creditor for the appointment of an administratrix of his estate, and any administratrix appointed had appeared, as, in fact, the defendant administratrix here did, or attempted to do after she had been appointed, or if the administratrix had not appeared and the plaintiff had taken the necessary steps to bring her in, G. L. (Ter. Ed.) c. 228, § 4, the plaintiff's cause of action could have been tried. When the plaintiff learned that Gordon had died, she must be held to have known that the attorneys who had represented him no longer had any authority to act. Notwithstanding this, the plaintiff, on October 14, 1936, instituted proceedings to vacate the judgment that had been rendered on the nonsuit, "and said judgment, after notice to said counsel who had executed said agreement for nonsuit, was ordered vacated." It was held in *Noyes* v. *Bankers Indemnity Ins. Co.* 307 Mass. 567, that the attempted proceeding to vacate this judgment was a mere nullity; that the District Court was without jurisdiction to grant relief and that it was error to vacate the judgment. (Page 570.) On October 1, 1936, the plaintiff was confronted by the situation where her original action

had gone to judgment and her action that had been removed to the Superior Court was subject to attack for the reason that the only service was by acceptance by Gordon's counsel, whose authority, as the plaintiff must have known, had terminated several months before. If she had taken the proper steps at that time, undoubtedly she could have had this judgment vacated. This she did not do.

The plaintiff must have known that her claim would be barred unless an administratrix appeared or was brought in, or an action was brought against the administratrix. *Powow River National Bank* v. *Abbott,* 179 Mass. 336, 340. *Lapresti* v. *Burton,* 295 Mass. 6. There is no suggestion of fraud in the bill, and the action of Gordon's former attorney in agreeing to the nonsuit after his death is not a factor, inasmuch as the plaintiff learned of the death in ample time to protect her rights. Compare *Ewing* v. *King,* 169 Mass. 97, 103.

The question whether a person is not chargeable with culpable neglect has arisen in numerous cases. Probably no attempt has ever been made to define the words in a manner applicable to all cases. See *Nichols* v. *Pope,* 287 Mass. 244, 247. In the case of *Waltham Bank* v. *Wright,* 8 Allen, 121, 123, it was said that it is neglect, a disregard of his known rights, in the principal, for which, if he loses by it, he has himself only to blame. *Haven* v. *Smith,* 250 Mass. 546, 549, 550, and cases cited. *Brennan* v. *Schuster,* 288 Mass. 311, 316. *Mulligan* v. *Hilton,* 305 Mass. 5, 7, 8, and cases cited. Nowhere in the bill is there any intimation that the plaintiff's counsel acted contrary to any instructions or that he failed to do anything that had been directed. See *Amherst College* v. *Allen,* 165 Mass. 178, 180; *Manzi* v. *Carlson,* 278 Mass. 267, 270; *Kravetz* v. *Lipofsky,* 294 Mass. 80, 84, 85; *Borst* v. *Young,* 302 Mass. 124, 126.

The plaintiff elected her course and pursued it to the conclusion that she should have foreseen when she made her futile attempt to vacate the judgment in her original action. See *Noyes* v. *Bankers Indemnity Ins. Co.* 307 Mass. 567. There is nothing to indicate that her action was not voluntary and intentional. *Leach* v. *Leach,* 238

Mass. 100, 104–106. *Johnson* v. *Clabburn*, 249 Mass. 216, 218. *Hinckley* v. *Barnstable*, 311 Mass. 600. We are of opinion that the allegations of the bill do not disclose that the plaintiff is not chargeable with culpable neglect within § 10 of said c. 197.

General Laws (Ter. Ed.) c. 228, § 4, relates to personal actions, the causes of which survive if there is only one plaintiff or one defendant and he dies after the commencement of the action and before final judgment. Provision is made for the action to proceed and to be prosecuted by or against the legal representative and for the taking out of a citation requiring such representative to appear, if he does not voluntarily appear. Section 5 of said c. 228, as amended by St. 1933, c. 221, § 7, in force when Gordon died, provided that such citation should not issue after the expiration of one year from the time the executor or administrator gave bond. Statute 1937, c. 406, § 1, struck out this § 5 and inserted a new one. It is now provided that if this court, upon a bill in equity filed by a plaintiff or former plaintiff in a personal action the cause of which survives and "who had a right to take out such a citation" against the executor or administrator of a sole defendant, but who did not do so within the time limited (one year), deems that justice and equity require it and that such person is not chargeable with culpable neglect in not taking out such citation within the time so limited, it may order such executor or administrator to appear in that action and defend the same and may order that any finding, verdict, order, judgment, or other act therein entered or done that would otherwise prevent the prosecution of the cause to determination on its merits, be vacated. If it shall appear that the legal representative, within nine months of his appointment, failed to notify the plaintiff in writing of the death and failed within said nine months duly to suggest the death in such action, such facts may be sufficient ground for granting the relief authorized by the statute. It is unnecessary to refer to other provisions.

This statute was followed by St. 1938, c. 16, which contains an emergency preamble and provides that relief

may be granted as authorized by § 1 of said St. 1937, c. 406, "in any action which was pending on the effective date of said section, if the granting of such relief would not be in contravention of the constitution." Prior to the enactment of the last two statutes referred to, we think it clear that §§ 4 and 5 of said c. 228 related to actions pending at the death of one of the parties. In the case at bar, the action was pending against Gordon when he died, and, at that time, no final judgment had been entered. The orderly procedure would have been for the legal representative to have appeared or to be brought in by a citation. But we think it apparent that no citation could issue after judgment was entered, even though the judgment was entered, as in the case at bar, after Gordon's death, for the reason that after the entry of judgment, there was no case pending in which the legal representative could appear. See *Chandler* v. *Dunlop,* 311 Mass. 1, 7–8. In *Mulligan* v. *Hilton,* 305 Mass. 5, 8–9, the statutes enacted in 1937 and 1938, above referred to, were considered. It was there said, with respect to the 1937 statute, that before the enactment of the 1938 statute, it might well have been construed to apply only prospectively to cases arising subsequently, and perhaps to cases in which the right to bring in an executor or administrator had not already been lost. It was held, however, that when the 1938 statute was taken into consideration, it was clear that the Legislature intended that the remedy provided was to operate as well upon cases in which the right to bring in the executor or administrator, existing under earlier statutes, had already been lost (page 9), and that a statute reviving the right to summon in the executor in the case there under consideration did not deprive him of property without due process of law. (Page 13.) It was further said, however, that if final judgment of dismissal had been entered, relief could not be given, because the retroactive effect of St. 1938, c. 16, is restricted to actions which were "pending" on the effective date of St. 1937, c. 406, § 1, "and possibly also because a final judgment cannot constitutionally be vacated by a later statute." (Page 13.) Moreover, St.

1937, c. 406, § 1, gives rights to a plaintiff or former plaintiff who had a right to take out a citation against the legal representative of a sole defendant.   In the case at bar, the plaintiff had no such right.   The action that was pending at the time of Gordon's death had been terminated by final judgment before any legal representative was appointed.   *Noyes* v. *Bankers Indemnity Ins. Co.* 307 Mass. 567, 570.   Apart from these reasons, however, what has already been said relative to the absence of allegations in the bill showing that the plaintiff is not chargeable with culpable neglect is equally applicable.

*Interlocutory decree sustaining demurrer affirmed.*
*Final decree affirmed with costs.*