**John J. CONNORS, JR.**
v.
**Sheila A. WERBINSKI as Executrix Under the Will of J. Florence CONNORS**

No. 80-5622

Superior Court
Commonwealth of Massachusetts

**September 29, 1981**

**Richard D. Bickelman,** counsel for plaintiff

**Kimball E. C. Hull,** counsel for defendant

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The defendant, as executrix of her mother's will, moves for summary judgment claiming that the plaintiff is barred from bringing a creditor's claim for personal services against the estate under G.L. c. 197, sec. 10 because in "justice and equity" he is not entitled to relief and is chargeable with culpable neglect in failing to commence his suit within the time limited by G.L. c. 197, sec. 9. I agree.

### 1. The Facts.

From the pleadings, affidavits, depositions and statements of counsel during argument, M. R. Civ. P. 56(d), the following facts appear without genuine dispute.

The plaintiff and defendant are brother and sister. The decedent, J. Florence Connors, their mother, owned a two-family residence at 173 Langley Road, Newton, Massachusetts. Decedent resided in one-half the premises with the defendant, defendant's husband and their children. The plaintiff, his wife and

children lived in the remaining half of the premises from October, 1956, until November, 1974, as rent-paying tenants.

Plaintiff made improvements and repairs to the property during his occupancy at his expense with his mother's knowledge and approval. Plaintiff contends that the repairs and improvements were made in reliance upon and in consideration of the promise of decedent to leave him one-half interest in the house upon her death. In November, 1974, plaintiff purchased a home and moved out of the premises. On December 10, 1974, two weeks after the plaintiff moved, the decedent executed a Last Will and Testament which gave the defendant full ownership of the premises.

J. Florence Connors died on May 18, 1977. Her will and petition for probate were filed on May 27, 1977. On approximately June 11, 1977, plaintiff received a newspaper notice informing him of the petition for probate attached to a letter from Charles J. Doherty, the defendant-executrix's attorney, which stated that "(t)he notice is for your information but does not require any action on your part." The plaintiff did not receive a copy of the will and had no knowledge prior to that time that his mother had written a will. The plaintiff took no action.

On July 1, 1977, the will was admitted to probate and the Court approved the defendant's bond as executrix. The plaintiff received no other notice from the defendant relating to the estate. In October, 1980, the defendant obtained a copy of the will and then in November, 1980, he filed a notice of claim against the estate of his mother and this complaint in the Middlesex Superior Court.

Defendant pleads that laches, the statute of frauds and the statute of limitations bar this action, that the services performed by plaintiff were gratuitous or for his own benefit and that he is chargeable with culpable neglect in failing to bring this claim during the nine-month from executor's bond limitation period prescribed by G.L. c. 197, sec. 9.

2. **Discussion.**

The defendant is entitled to summary judgment when there is no genuine dispute as to any material facts and the plaintiff nonetheless fails to satisfy any one of the elements under G.L. c. 197, sec. 10.[1] The plaintiff must "(show) a claim of such substantial merit that justice and equity require that its validity should be recognized," **Downey v. Union Trust Co. of Springfield,** 312 Mass. 405, 408 (1942), and "that his failure to commence the action within the time prescribed was not due to carelessness or to any lack of diligence for which he might properly be censured or blamed." **Hastoupis v. Gargas,** 1980 Mass. App. Ct. Adv. Sh. 43, 48. I find that as a matter of law, the plaintiff was chargeable with culpable neglect in not bringing his claim until more than three years and four months after the approval of the executrix's bond.

There is no evidence that plaintiff is deficient in English, nor of limited education or understanding. Nor is there any evidence that at any time after his mother's death in 5/77, for the three years, four months to 9/80 he made any inquiry, in Probate Court, or of his sister, or Attorney Doherty, whether his mother had kept the alleged promise to give him one-half the house by her will. Nor is there any evidence he consulted counsel of his own.

[1] G.L. c. 197, §10 provides:

"If the supreme judicial court, upon a bill in equity filed by a creditor whose claim has not been prosecuted within the time limited by section nine, deems that justice and equity require it and that such creditor is not chargeable with culpable neglect in not prosecuting his claim within the time so limited, it may give him judgment for the amount of his claim against the estate of the deceased person, provided forthwith upon the filing of the bill a notice such as provided in section nine has been filed in the proper registry of probate; but such judgment shall not affect any payment or distribution made before the filing of such bill and notice."

The Superior Court has concurrent jurisdiction. G.L. c. 213, §1A.

Plaintiff argues that he was unaware that he was a creditor of the estate because he did not receive a copy of the will until October, 1980, and was unaware that his mother failed to fulfill her oral promise to leave him one-half of the house. Plaintiff contends that he relied on the letter from Attorney Doherty and the defendant's advice that things "were proceeding routinely and not to worry about it." Plaintiff claims that this reliance was reasonable because of the family ties between brother and sister and the fact that Attorney Doherty had been a close family friend.

Ignorance of the law or mistake of fact under this statute are chargeable as "culpable neglect." See, e.g., **Jenny v. Wilcox**, 91 Mass. 245 (1864) (creditor ignorant of the statute of limitations); **Noyes v. Shea**, 312 Mass. 32 (1942) (plaintiff made a mistake in the remedy); **Richards v. Child**, 98 Mass. 284 (1867) (creditor unaware of his debtor's death).

The Court in **Wells v. Child**, 94 Mass. 333, 336 (1866) stated that:

> "(c)ourts of equity allow no exceptions, not expressly made in the statute of limitations, on the ground of personal disability to sue, such as infancy, coverture, absence from the state, . . . Indeed, to allow such exceptions to the special statute of limitations, passed to protect the estates of deceased persons and insure their speedy settlement, would in many cases go far to defeat the whole object of the statute."

Plaintiff acknowledges knowing of his mother's death and receiving actual notice of the petition for probate of the will in June, 1977. He does not allege his sister or her lawyer fraudulently concealed the terms of the will. Nevertheless he claims not to have known that he was a creditor of the estate because he trusted his sister.

Plaintiff's claim that he reasonably relied on the advice of his sister is untenable in light of the facts of this case. The brother and sister here were in adversarial positions as to the disposition of their mother's estate. Plaintiff admits that no one else knew of his mother's alleged oral promise to devise one-half of the house to him.

> He had the means of knowing his rights. All the facts necessary to aid him in securing them could have been discovered. He made no investigation or inquiry and cannot now, when he alone was at fault and has rested his rights, invoke the aid of the court to assist him in collecting his debt after the statute has become a bar.

**Estabrook v. Moulton**, 223 Mass. 359, 360 (1916).

Plaintiff claims that his sister owed him a fiduciary duty to disclose the terms of the will to him. In light of the fact that she was not aware of her brother's claim, this argument is unconvincing. In **Markell v. Sidney B. Pfeifer Foundation**, 1980 Mass. App. Ct. Adv. Sh. 557, 587-589, the Court found a fiduciary relationship between family members but stated that the "catalyst is on the defendant's knowledge of plaintiff's reliance." Where the defendant was unaware of the plaintiff's claim and therefore would not know of his reliance on her, she was under no obligation to disclose the contents of the will. The sister's statements that "matters were proceeding routinely and that he was not to worry" are not sufficient to induce the type of reliance plaintiff here claims. In **Knight v. Lawrence**, 331 Mass. 293, 296, 297 (1954), the Court found admonitions such as "don't worry we'll take care of you" to "hardly be said to be representations which would reasonably justify the plaintiff in delaying the bringing of her action."

While the June, 1977 letter does suggest that the plaintiff did not need to take action, two factors mitigate against

holding his reliance on this letter to be reasonable. First, Attorney Doherty was not aware of the plaintiff's claim. The sentence is therefore reasonable and accurate since it was sent merely as notification of the probate of the estate to a family member without substantial claims to the estate. Second, the notice attached to the letter fully informed the plaintiff of his rights. The notice stated:

"To all persons interested in the estate of J. Florence Connors late of Newton. In said County, deceased.

"A petition has been presented to said Court for probate of a certain instrument purporting to be the last will of said deceased by Sheila A. Werbinski of Newton in the County of Middlesex praying that she be appointed executrix thereof without giving a surety on her bond.

"If you desire to object thereto you or your attorney should file a written appearance in said Court at Cambridge, before ten o'clock in the forenoon on the first day of July 1977, the return day of this citation."

The failure of the plaintiff to take action on a claim for over three years where he alone knew of the claim is clearly culpable neglect. Plaintiff was fully informed of his rights against the estate in June, 1977, and there is no basis in "justice and equity" here to excuse him from his failure to bring his claim within the statutory period.

Therefore, it is ORDERED that the defendant's motion for summary judgment be granted. This action is therefore dismissed.

Robert J. Hallisey
Justice of the Superior Court

9/29/81